**S & J, INCORPORATED, d/b/a American Insurance Management, Plaintiff–Respondent,**

v.

**McLOUD & COMPANY, L.L.C., and Robert E. Wilson, Jr., Defendants–Appellants.**

No. 25013.

Missouri Court of Appeals, Southern District, Division Two.

June 27, 2003.

---

Todd A. Johnson, Ellis, Ellis, Hammons & Johnson, P.C., Springfield, for appellants.

C. Bradley Tuck, Tuck & Lukachick, P.C., Springfield, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

S & J, Incorporated, d/b/a American Insurance Management ("Plaintiff") brought suit against McLoud & Company, L.L.C. ("McLoud")[1] and Robert E. Wilson, Jr. ("Defendant") seeking damages for breach of contract, fraud, and unjust enrichment in relation to a commercial property lease that misstated the square footage of the property leased. The trial court ruled against Plaintiff in its claims for breach of contract and fraud. The court entered judgment in favor of Plaintiff in its claim of unjust enrichment in the amount of $229.53 against McLoud, and in the amount of $3,792.70 against Defendant. Defendant appeals.[2]

The facts necessary to the disposition of this appeal are as follows. On March 1, 1993, Robert E. Wilson, Sr. ("Wilson"), Defendant's father, entered into a lease agreement ("1993 Lease") with Plaintiff for "Space D" in a shopping center known as Sunshine Corners. The 1993 Lease stated in part:

> Landland [sic], for and in consideration of the terms, covenants and conditions herein contained, does hereby demise, lease and let to Tenant, and Tenant does hereby lease certain space located at Sunshine Corners, 210 W. Sunshine, Springfield, Missouri, courtesy of 1200 square feet and known as Space D, on the terms and conditions contained herein[.]

The 1993 Lease was to commence on March 1, 1993 and terminate on February 28, 1996. The lease further provided: "Tenant covenants and agrees to pay the Landlord, at the office of Landlord, as basic rental for each month of the lease term the sum of $700 which equals $7.00 per square feet per annum[.]" The actual square footage of Space D was 980 square feet. The lease also provided that Plaintiff was to pay "a prorated share of the taxes, insurance, common area maintenance, and common area lighting on Sunshine Cor-

---

1. We note that McLoud's correct name is McCloud & Company, L.L.C.; apparently McLoud's name was misspelled in Plaintiff's petition.

2. McLoud, the management company for the commercial property, is not a party to this appeal.

ners." These charges were assessed according to the square footage of the premises leased.[3]

On February 23, 1998, Wilson and Plaintiff entered into an amendment to the 1993 Lease ("1998 Amendment"), which provided that the lease term would be extended for one year, commencing on March 1, 1998 and terminating on February 28, 1999. The amendment also provided that the rent would remain the same for the extended period. The 1998 Amendment further stated: "Except for provisions which may be inconsistent with the express language intent of the amendment, all provisions of the Lease Agreement dated March 1, 1993 shall be in full force and effect." The 1998 Amendment did not refer to the square footage of Space D or provide a calculation of the rent based on square footage.

On January 11, 1999, Defendant purchased Sunshine Corners from his father, Wilson.[4] On February 26, 1999, Plaintiff and Defendant, as successor in interest to Wilson, entered into another amendment to the 1993 Lease ("1999 Amendment"), which extended the lease for one year, commencing on March 1, 1999 and terminating on February 29, 2000. The amendment provided that rent for Space D would be increased to $800 per month beginning on March 1, 1999. The 1999 Amendment also included a provision that stated: "Except for provisions which may be inconsistent with the express language intent of the amendment, all provisions of the Lease Agreement dated March 1, 1999 and as amended on February 23, 1998, shall be in full force and effect." The 1999 Amendment did not refer to the square footage of Space D or how the rent was calculated.

Upon the expiration of the 1999 Amendment, Plaintiff was offered another lease renewal; however, Plaintiff never signed a renewal of the lease. Defendant treated Plaintiff as a holdover tenant from March 2000, until Plaintiff vacated Space D on February 28, 2001. Plaintiff continued to pay all assessed common area maintenance charges, taxes, and insurance for Space D. Plaintiff measured Space D prior to vacating the space and discovered that the space was 980 square feet rather than 1,200 square feet as stated in the 1993 Lease. Defendant was notified of the discrepancy of the square footage of Space D through a letter from Plaintiff's attorney dated March 28, 2001, which was subsequent to Plaintiff's vacation of Space D. After receiving the letter, Defendant had McLoud measure all of the spaces in Sunshine Corners and discovered that Space D was 220 square feet less than the amount stated in the 1993 Lease. Space D was the only space in which the square footage was incorrectly stated in the lease.

Plaintiff filed suit against Defendant and McLoud on May 11, 2001, bringing claims of breach of contract, fraud, and unjust enrichment. The case was tried to the court on May 16, 2002. The trial court entered judgment in favor of Defendant in Plaintiff's claims of breach of contract and fraud. In Plaintiff's claim of unjust enrichment, the court entered judgment in favor of Plaintiff and against McLoud in the amount of $229.53 and against Defendant in the amount of $3,792.70. The judgments against McLoud and Defendant were not joint and several, and the court costs were assessed against Defendant. Defendant appeals.

---

3. The parties did not dispute that Plaintiff was overcharged for common area maintenance, taxes, and insurance during the time Defendant owned Sunshine Corners.

4. Wilson died approximately one year after he sold Sunshine Corners to Defendant. Plaintiff did not bring suit against Wilson or his estate.

In his first point relied on, Defendant contends the trial court erred in granting judgment in favor of Plaintiff in its claim of unjust enrichment because Plaintiff "waived any square footage requirement that may have been in the 1993 Lease" in that Plaintiff had the opportunity to discover the actual size of Space D, but instead "continued to accept the benefits of the lease and neither complained nor did anything to enforce [its] rights until after [it] had vacated the premises in February, 2001." In his second point relied on, Defendant alleges the trial court erred in granting judgment in favor Plaintiff in its claim of unjust enrichment because Plaintiff failed to show any inequity in Defendant's retention of the rents in that Plaintiff received what it had bargained for. In a court-tried case, this court will affirm the judgment of the trial court unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Thompson v. Chase Manhattan Mortgage Corp.*, 90 S.W.3d 194, 200 (Mo.App. S.D.2002).

Because Defendant's second point is meritorious and dispositive, we reverse the portion of the trial court's judgment finding in favor of Plaintiff in its claim of unjust enrichment and do not address Defendant's first point. In Defendant's second point relied on, he contends the trial court erred in granting judgment in favor of Plaintiff in its claim of unjust enrichment because Plaintiff failed to show any inequity in Defendant's retention of the rents for Space D because Plaintiff received what it bargained for, which was possession of Space D. We agree with Defendant that Plaintiff failed to show that it was inequitable for Defendant to retain the rent for Space D.

An unjust enrichment has occurred where a benefit was conferred upon a person in circumstances in which retention of the benefit, without paying its reasonable value, would be unjust. *Woods v. Hobson,* 980 S.W.2d 614, 618 (Mo.App. S.D.1998). "The right to restitution for unjust enrichment presupposes: (1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; (3) that it would be unjust to allow the defendant to retain the benefit." *Petrie v. LeVan,* 799 S.W.2d 632, 635 (Mo.App. W.D.1990). The most significant of the elements for a claim of unjust enrichment is the last element, which is the requirement that the enrichment of the defendant be unjust. *Associate Engineering Co. v. Webbe,* 795 S.W.2d 606, 608 (Mo.App. E.D.1990). In determining whether it would be unjust for the defendant to retain the benefit, courts consider whether any wrongful conduct by the defendant contributed to the plaintiff's disadvantage. *Graves v. Berkowitz,* 15 S.W.3d 59, 61 (Mo.App. W.D.2000). "'Mere receipt of benefits' is not enough when there is no showing that it would be unjust for defendant to retain the benefit received." *Id.* (quoting *Farmers New World Life Ins. Co., Inc. v. Jolley,* 747 S.W.2d 704, 706 (Mo.App. W.D.1988)). There must be some something more than passive acquiescence, such as fault or undue advantage on the part of the defendant, for defendant's retention of the benefit to be unjust. *Graves,* 15 S.W.3d at 64.

There is nothing in the record indicating Defendant engaged in any wrongful conduct. Defendant was not a party to the 1993 Lease that misstated the square footage of Space D. When Defendant purchased Sunshine Corners, the effective lease documents referred to "Base Rental" rather than to square footage. Plaintiff argues that Defendant "adopted through acquiescence" wrongful conduct by Wilson that contributed to Plaintiff's disadvan-

tage. More than such passive acquiescence is required for us to find that it would be unjust for Defendant to retain the rent Plaintiff paid for Space D.[5] When the record shows the defendant was a passive beneficiary, unjust enrichment has not occurred. *See Id.*

Furthermore, Plaintiff did not present any evidence at trial showing the rent for Space D was unreasonable. The only testimony regarding the reasonable value of Space D was the statement of Joyce McCammon ("McCammon"), the owner of Plaintiff, that she thought $700 per month was a fair rent for 1,200 square feet, but it was not a fair rent for 980 square feet. McCammon admitted that she did not have knowledge of what was a fair rent for Space D, nor did she have any information regarding whether the rent she paid for Space D was reasonable. Plaintiff failed to show that retention of the rent by Defendant was inequitable; therefore, Plaintiff failed to show Defendant was unjustly enriched. Point II is granted.

The portion of the judgment finding in favor of Plaintiff in its claim of unjust enrichment is reversed and the trial court is directed to enter judgment for Defendant in conformance with the opinion herein.

PARRISH, J., and SHRUM, J., concur.

---

5. Plaintiff also mentions in its brief that the 1993 Lease was drafted by Wilson's real estate agent, Tamara Wilson. Defendant and Tamara Wilson were married at the time of the 1993 Lease; however, there was no evidence indicating that she was working on Defendant's behalf in drafting the 1993 Lease.