**STATE of Missouri, Respondent,**

v.

**Andrew LYONS, Appellant.**

**Andrew Lyons, Appellant,**

v.

**State of Missouri, Respondent.**

**Nos. SC 85269, SC 85272.**

Supreme Court of Missouri,
En Banc.

March 30, 2004.

Frederick A. Duchardt, Kearney, for Appellant.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie M. Morrell, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.

Andrew Lyons was convicted of two counts of murder in the first degree and one count of involuntary manslaughter. He was sentenced to death on both counts of murder. The judgment was affirmed on direct appeal. *State v. Lyons*, 951 S.W.2d 584 (Mo. banc 1997), *cert. denied*, 522 U.S. 1130, 118 S.Ct. 1082, 140 L.Ed.2d 140 (1998). Thereafter, this Court affirmed the denial of Lyons' request for post-conviction relief. *Lyons v. State*, 39 S.W.3d 32 (Mo. banc 2001), *cert. denied*, 534 U.S. 976, 122 S.Ct. 402, 151 L.Ed.2d 305 (2001). Lyons now appeals the trial court's judgments in the two above-captioned cases, denying his requests to reopen the post-conviction relief motion to bring his claim that he was mentally incompetent to proceed during the trial.

■ In the first case, *Andrew Lyons v. State of Missouri*, Lyons argues that his post-conviction counsel abandoned him by failing to raise the claim of ineffective assistance of appellate counsel who failed to raise the claim of mental incompetence in the direct appeal. In support of this argument, Lyons' post-conviction counsel does not state he abandoned Lyons, but rather states in his affidavit that he had no strategic reason for failing to raise the claim that appellate counsel was ineffective in failing to raise the competency issue, that he did not recognize the merits of this argument, and that had he so recognized he would have raised the argument. Despite the label Lyons' gives his claim, it is merely one of ineffective assistance of post-conviction counsel. Claims of ineffective assistance of post-conviction counsel are categorically unreviewable, and Lyons is not entitled to relief. *Barnett v. State*, 103 S.W.3d 765 (Mo. banc 2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 172, 157 L.Ed.2d 114 (2003).

■ In the second case, *State of Missouri v. Andrew Lyons*, Lyons sought an order nunc pro tunc to reopen the post-conviction motion so as to permit a full hearing on his mental competence at the time of trial. This argument fails because the nunc pro tunc power applies only to clerical errors. *State v. Carrasco*, 877 S.W.2d 115, 117 (Mo. banc 1994); *Rule 29.12(c)*.

The judgments are affirmed.

All concur.