**Frank SHIFKOWSKI, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 26713.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 19, 2006.

Frank Shifkowski, Charleston, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Respondent.

Before RAHMEYER, P.J., PARRISH, J., and BARNEY, J.

PER CURIAM.

Frank Shifkowski ("Appellant") appeals the judgment overruling his "Jaynes/Motion to Reopen PCR Case to Consider, Inter Alia, Abandonment of Counsel." We previously affirmed his conviction for first-degree statutory sodomy, *State v. Shifkowski,* 57 S.W.3d 309 (Mo.App. S.D.2001), and affirmed the denial of his Rule 29.15 [1] motion for post-conviction relief, *Shifkowski v. State,* 136 S.W.3d 588 (Mo.App. S.D. 2004). On November 1, 2004, Appellant filed a motion to reopen his post-conviction case alleging abandonment and ineffective assistance by post-conviction counsel. His motion was overruled and this appeal follows.

Appellant claims first that he was abandoned by post-conviction counsel when that counsel failed to notify him of counsel's intent not to raise and pursue certain claims and questions in his direct

---

1. All rule references are to Missouri Court Rules (2005), unless otherwise specified.

appeal. Despite the label given to his pleading, Appellant is merely claiming ineffective assistance of post-conviction counsel. "Claims of ineffective assistance of post-conviction counsel are categorically unreviewable...." *State v. Lyons,* 129 S.W.3d 873, 874 (Mo. banc 2004).

■ Appellant further claims his trial counsel was ineffective for a failure to advise Appellant whether to accept an offered plea bargain, failing to object to a coerced confession,[2] and miscellaneous other trial errors. These errors were, or could have been brought, in Appellant's initial Rule 29.15 motion. Appellant's motion to reopen his post-conviction proceedings was an attempt to file a successive Rule 29.15 motion, which is expressly prohibited. "The circuit court shall not entertain successive motions." Rule 29.15(*l*); *Smith v. State,* 21 S.W.3d 830, 831 (Mo. banc 2000); *Vicory v. State,* 117 S.W.3d 158, 160–161 (Mo.App. S.D.2003).

Appellant filed his motion to reopen his post-conviction proceedings sixteen months after the motion court entered its judgment and four months after this Court issued its mandate affirming that judgment. We note the trial court did not have jurisdiction to consider a motion filed beyond the thirty-day deadline contained in Rule 75.01 absent a narrow exception for a claim of abandonment. *Cook v. State,* 156 S.W.3d 418, 420 (Mo.App. E.D. 2005). Although Appellant's motion is entitled "Motion to Reopen PCR Case to Consider, Inter Alia, Abandonment of Counsel," a review of the motion and this subsequent appeal demonstrates Appellant was simply filing a successive Rule 29.15 motion claiming ineffective assistance of trial counsel and challenging the actions of

post-conviction counsel. Neither contention has merit; the judgment is affirmed.

---

**2.** We note that Appellant's allegedly coerced confession was dealt with in depth in the direct appeal.