Santino **WALKER**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. ED 87054.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 30, 2006.

See also 972 S.W.2d 295.

Santino Walker, Charleston, MO, for appellant.

Shaun J. Mackelprang, Cecily L. Daller, Jefferson City, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Santino Walker (hereinafter, "Movant") appeals from the denial of his motion to reopen his Rule 29.15 post-conviction relief proceeding. We dismiss this appeal for lack of subject matter jurisdiction.

Movant's convictions for first degree murder and armed criminal action and the denial of his Rule 29.15 post-conviction relief motion, without an evidentiary hearing, were affirmed by this Court in *State v. Walker*, 972 S.W.2d 295 (Mo.App. E.D. 1998). On April 4, 2005, Movant filed a *pro se* "Motion Requesting Sua Sponte Inquiry into Abandonment." The motion court issued its order on August 16, 2005, denying Movant's motion. This appeal follows.[1]

Movant raises only one point on appeal, alleging his appointed counsel abandoned him by submitting a patently defective amended motion, violating Rule 29.15(e) and his due process rights. The State argues both the trial court and this Court lack jurisdiction, and this Court lacks jurisdiction because the trial court's order was not an appealable judgment. We agree with the State.

Pursuant to Rule 75.01, the "trial court retains control over judgments during the thirty-day period after entry of judgment...." The Missouri Supreme Court recognized a possible exception to Rule 75.01, allowing reopening of a timely filed Rule 29.15 motion when there was abandonment by post-conviction counsel. *Daugherty v. State*, 116 S.W.3d 616, 617 (Mo.App. E.D.2003)(*citing State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001)). Only a narrow category of cases will rise to the level of abandonment. *Russell v. State*, 39 S.W.3d 52, 54

---

1. The State's motion taken with the case to dismiss is moot. Movant's motion taken with the case to supplement the record is granted.

(Mo.App. E.D.2001). Abandonment is recognized when:

> (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner.

*Barnett v. State*, 103 S.W.3d 765, 774 (Mo. banc 2003).

■ Notwithstanding Movant's captions in this case, his motion to inquire into the issue of abandonment merely complains about the quality of appointed counsel's amended motion in that she failed to "specifically state that [M]ovant never voluntarily or knowingly waived his right to testify...." "Claims of ineffective assistance of post-conviction counsel are categorically unreviewable...." *State v. Lyons*, 129 S.W.3d 873, 874 (Mo. banc 2004). There was no allegation Movant was deprived of meaningful review of his claims in his initial Rule 29.15 motion nor was there an allegation that counsel failed to file a timely post-conviction motion.

The only allegation of error was raised in both his initial *pro se* and amended Rule 29.15 motions. This motion to re-open his post-conviction proceedings is an attempt to file a successive Rule 29.15 motion. "The circuit court shall not entertain successive motions." Rule 29.15(*l*). Accordingly, the motion court lacked subject matter jurisdiction to consider the merits of the underlying action due to the allegations raised therein. Since the circuit court lacks jurisdiction, this Court also lacks jurisdiction. *See In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo.App. E.D. 2001); *Simmons v. State*, 190 S.W.3d 558 (Mo.App. E.D.2006).

The order of the motion court is dismissed.

GARY M. GAERTNER, SR., P.J., and KENNETH M. ROMINES, J., concur.