**David RASCHE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 88203.**

Missouri Court of Appeals, Eastern District, Division Two.

June 26, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 13, 2007.

Application for Transfer Denied Sept. 25, 2007.

David Rasche, Moberly, MO, pro se.

Shaun J. Mackelprang, Stephanie L. Wan, Jefferson City, MO, for respondent.

**OPINION**

GEORGE W. DRAPER III, P.J.

David Rasche (hereinafter, "Movant") appeals *pro se* from the trial court's judgment dismissing and denying his motion to reopen his Rule 29.15 proceeding. We dismiss this appeal for lack of subject matter jurisdiction.[1]

---

1. The motion taken with case directing Movant to show cause why his appeal should not be dismissed due to lack of jurisdiction is denied as moot. Perhaps Movant should have availed himself of the provisions of Rule 81.07 to appeal the denial of his motion to set

Movant was convicted in 1998 of one count attempted sodomy, Section 564.011 RSMo (1994) and one count of first degree trespassing, Section 566.060.2 RSMo (1994). Movant's conviction was affirmed on appeal. *State v. Rasche,* 985 S.W.2d 868, 869 (Mo.App. E.D.1998). Movant sought post-conviction relief pursuant to Rule 29.15, which was denied by this Court after an evidentiary hearing. *Rasche v. State,* 41 S.W.3d 48 (Mo.App. E.D.2001).

On April 20, 2006, Movant filed a *pro se* motion to reopen his Rule 29.15 proceeding. In his motion, Movant alleged his post-conviction counsel abandoned him by failing to raise the following issues: (1) the trial court sentenced him under an erroneous provision; (2) the crime for which Movant was convicted was not prohibited by the statute; (3) Movant was charged improperly; (4) the jury received erroneous instructions; (5) Movant was denied ineffective assistance of post-conviction counsel; and (6) post-conviction counsel should have investigated trial counsel's effectiveness and raised these alleged deficiencies in an amended motion. The motion court issued its order on April 27, 2006, dismissing and denying Movant's motion. This appeal follows.

Movant raises three points on appeal. First, Movant argues his court-appointed post-conviction relief counsel filed a patently defective amended motion that resulted in a nullity constituting abandonment. Second, Movant claims he has a liberty interest derived from a "rule created right to effective assistance of [post-conviction relief] counsel" which required his post-conviction relief counsel to raise all claims known in an amended Rule 29.15 motion. Third, Movant challenges his conviction for attempted forcible sodomy. The State argues both the trial court and this Court lack jurisdiction because the

aside as opposed to the dismissal of his mo-

trial court's order was not an appealable judgment. We agree with the State.

■ Pursuant to Rule 75.01, the "trial court retains control over judgments during the thirty-day period after entry of judgment...." The Missouri Supreme Court recognized a possible exception to Rule 75.01, allowing reopening of a timely filed Rule 29.15 motion when there was abandonment by post-conviction counsel. *Daugherty v. State,* 116 S.W.3d 616, 617 (Mo.App. E.D.2003)(*citing State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 217–18 (Mo. banc 2001)). Only a narrow category of cases will rise to the level of abandonment. *Russell v. State,* 39 S.W.3d 52, 54 (Mo.App. E.D.2001). Abandonment is recognized when:

(1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner.

*Walker v. State,* 194 S.W.3d 883, 885 (Mo. App. E.D.2006)(*quoting Barnett v. State,* 103 S.W.3d 765, 774 (Mo. banc 2003)).

■ Notwithstanding Movant's allegations in this case, his motion to inquire into the issue of abandonment merely complains about the quality of appointed counsel's amended motion. "Claims of ineffective assistance of post-conviction counsel are categorically unreviewable...." *State v. Lyons,* 129 S.W.3d 873, 874 (Mo. banc 2004). There was no allegation Movant was deprived of meaningful review of his claims in his initial Rule 29.15 motion nor was there an allegation that counsel failed to file a timely post-conviction motion.

tion.

Movant does not raise an issue of abandonment for review.

Accordingly, the motion court lacked subject matter jurisdiction to consider the merits of the underlying action due to the allegations raised therein. Since the circuit court lacks jurisdiction, this Court also lacks jurisdiction. *See In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo.App. E.D. 2001); *Simmons v. State*, 190 S.W.3d 558 (Mo.App. E.D.2006).

The motion court's order is dismissed.

ROBERT G. DOWD, JR., and PATRICIA L. COHEN, J., concur.