**Troy Gene MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 28517.

Missouri Court of Appeals,
Southern District.

April 8, 2008.

Appellant pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Jamie Pamela Rasmussen, Office of Atty. Gen., Attorneys for respondent.

DANIEL E. SCOTT, Judge.

We affirm the motion court's refusal to reopen appellant's 10–year–old post-conviction (PCR) proceeding.

**Procedural Background**

Appellant faced first-degree murder and related charges in January 1994, with the state seeking the death penalty. Pursuant to a plea bargain, he pleaded guilty to second-degree murder and armed criminal action, and received consecutive terms of life (with possibility of parole) and 25 years. He then filed a *pro se* Rule 24.035 motion seeking to set aside his plea and conviction.

Appointed PCR counsel, after a time extension, waived an amended motion by filing a June 1994 affidavit indicating he had duly reviewed the files and transcripts

and inquired of appellant, and that the *pro se* motion included all known meritorious or colorable claims or facts.[1] Counsel copied appellant, along with a letter explaining counsel's investigation and opinions; his inability to find meritorious facts or grounds for an amended motion; his skepticism about appellant's chances; and that if appellant "won" the motion, he would be tried for first-degree murder. The letter also described appellant's options, and said it was appellant's decision how to proceed, but counsel would "do the best I can for you either way."[2]

Counsel also represented appellant at the PCR evidentiary hearing[3] where both appellant and plea counsel testified. The motion court denied relief, and this court affirmed in February 1997 by *per curiam* memorandum opinion.[4]

Ten years later, appellant filed a 111–page motion to reopen the case, alleging that PCR counsel abandoned him. The motion court judicially noticed the prior criminal and PCR files and the parties' new filings; deemed an evidentiary hearing unnecessary; and denied the motion as both (1) untimely and (2) a successive motion barred by Rule 24.035(*l* ).

## Analysis

We review to determine if the trial court was clearly erroneous, and will reverse only if our review of the whole record definitely and firmly convinces us that a mistake was made. *Kennedy v. State,* 210 S.W.3d 417, 419 (Mo.App.2006).

■ Citing Rule 75.01 and *Cook v. State,* 156 S.W.3d 418, 420 (Mo.App.2005), appellant admits a court normally can reopen PCR proceedings for only thirty days after its ruling, absent allegations of abandonment by PCR counsel. However, this narrow exception applies in just two situations. The first is where PCR counsel " 'takes no action on movant's behalf and, as a result, it appears on the face of the record that movant is deprived of a meaningful review of post-conviction claims.' " *Smith v. State,* 240 S.W.3d 756, 760 (Mo.App.2007)(*quoting Moore,* 934 S.W.2d at 291). The second occurs "when the record reflects that counsel has determined a basis for amending the *pro se* motion and fails to do so in a timely manner." *Id. See also Barnett v. State,* 103 S.W.3d 765, 773–74 (Mo. banc 2003); *Moore,* 934 S.W.2d at 291.

■ The record does not reflect either situation. Rather, PCR counsel's affidavit and letter to appellant show the contrary, negating the second situation and overcoming any presumption of abandonment under the first. See *Carroll,* 131 S.W.3d at 909–11. In conjunction with counsel's representation at the evidentiary hearing, these documents dispel any suggestion that counsel took "no action" on appellant's behalf.

1. Rules 24.035(e) and 29.15(e) now mandate similar filings in these situations. That was not true in 1994, but case law encouraged them. *See Moore v. State,* 934 S.W.2d 289, 290–92 (Mo. banc 1996); *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991). *See also Carroll v. State,* 131 S.W.3d 907, 909–10 (Mo. App.2004).

2. Appellant made this letter, which we presume was privileged initially, part of the record.

3. This was a different public defender, who entered her appearance when appellant's first attorney withdrew due to a conflict of interest. The record suggests no "gap" in representation, and as best we can discern, appellant's motion makes no complaint in this regard.

4. *Moore v. State,* No. 20946 (Mo.App. February 19, 1997).

Appellant seeks to frame his motion in "abandonment" terms, but actually is attacking PCR counsel's handling of his case. His complaint that PCR counsel "abandoned" potential claims, for example, is not abandonment but more accurately a claim that counsel was ineffective. *See Hill v. State,* 193 S.W.3d 390, 392 (Mo.App.2006); *Brown v. State,* 179 S.W.3d 404, 407 (Mo. App.2005). Our supreme court has refused to extend "abandonment" to include ineffective assistance allegations (*Barnett,* 103 S.W.3d at 774), and has declared such claims categorically unreviewable. *State v. Lyons,* 129 S.W.3d 873, 874 (Mo. banc 2004). We consistently reject attempts to recast such claims as abandonment. *See, e.g., Hill,* 193 S.W.3d at 392; *Shifkowski v. State,* 181 S.W.3d 633, 633–34 (Mo.App. 2006); *Brown,* 179 S.W.3d at 407. Other districts of our court do likewise. *See, e.g., Simmons v. State,* 240 S.W.3d 166, 172 (Mo.App.2007); *Rasche v. State,* 231 S.W.3d 273, 274–75 (Mo.App.2007); *Robinson v. State,* 211 S.W.3d 162, 163–64 (Mo. App.2007); *Walker v. State,* 194 S.W.3d 883, 885 (Mo.App.2006).

Despite its captions and other references, appellant's motion does not allege abandonment. Thus, it was untimely. The motion court did not err, clearly or otherwise, in denying it on that basis or as a successive motion prohibited by Rule 24.035(*l*). *Cf. Shifkowski,* 181 S.W.3d at 634 (applying Rule 29.15(*l*)). We affirm the judgment.

PARRISH, P.J., and BATES, J., concurs.