STATE of Missouri, Respondent,

v.

Martin M. KELLY, Appellant.

No. ED 96743.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 24, 2012.

Rosalynn Koch, Columbia, MO, for appellant.

Chris Koster, Atty. Gen., John Winston Grantham, Attorney General's Office, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

This case concerns the interpretation of the registration requirements under Section 589.414.1.[1]

### Background and Procedural History

Martin M. Kelly (Appellant) contests his conviction for failing to register as a sex offender.

1. All statutory references are to RSMo (2010) unless otherwise specified.

Appellant pled guilty to first-degree sexual misconduct in 1998. As such, he is required to register as a sex offender. Section 589.400. Prior to 31 December 2009, Appellant resided with his girlfriend, Kendra Lisalda, at her apartment in St. Charles. Appellant properly registered this address with the St. Charles Sheriffs Office.

At trial, Ms. Lisalda testified that on 31 December 2009, Appellant moved out of the apartment in St. Charles, removing his clothing and belongings and surrendering his key. Ms. Lisalda also testified that in late January or early February she received a Facebook message from Steve Rosen, a mutual friend, stating that Appellant was living with Mr. Rosen in Lake St. Louis. Angela Clark, the St. Charles Sheriff Department employee responsible for maintaining the sex offender registry in the county, testified that Appellant did not update his registration from the St. Charles address to the Lake St. Louis address until 22 March 2010, at which time he indicated that the change was effective 17 March 2010.

The court convicted Appellant of failure to register and sentenced him to eight months in jail.

On appeal, Appellant challenges the sufficiency of the evidence to support his conviction generally, and the admission of testimony by Ms. Lisalda regarding the Facebook message specifically.

### Standard of Review

■ The standard of review on sufficiency of the evidence claims is whether the evidence was sufficient for a reasonable fact-finder to find each element of the crime beyond a reasonable doubt. *State v. Johnson,* 354 S.W.3d 627, 635 (Mo. banc 2011). This Court reviews a trial court's admission of evidence for abuse of discretion, and will not reverse the trial court's judgment absent prejudice resulting from that admission. *State v. Tabor,* 219 S.W.3d 769, 772 (Mo.App. S.D.2007).

### Discussion

■ Although Appellant separates his appeal into two points, the essence of his argument is that his conviction was based on inadmissible hearsay—specifically, testimony by Ms. Lisalda, Appellant's ex-girlfriend, that she received a message from Mr. Rosen informing her that Appellant had been living with Mr. Rosen since late January or early February. Appellant argues that this testimony constituted inadmissible hearsay in that it was an out-of-court statement submitted for the truth of the matter asserted—to prove that he had been living with Mr. Rosen—and the declarant Mr. Rosen—was not available for cross-examination. Appellant claims that without this inadmissible hearsay, there was insufficient evidence to convict him.

■ Appellant is only entitled to a new trial if the challenged evidence, whether admissible or not, resulted in prejudice. *Tabor,* 219 S.W.3d at 772. "Generally, prejudice does not exist when the objectionable evidence is merely cumulative of other evidence that was admitted without objection and that sufficiently establishes essentially the same facts." *Id.* at 773 (internal citations and quotations omitted). As such, regardless of whether the statements regarding the Facebook message were inadmissible or not, Appellant is not entitled to a new trial if there was other admissible evidence to support his conviction. And so, the question becomes whether the other admissible evidence was sufficient.

There was admissible evidence that Appellant moved out of Ms. Lisalda's home on 31 December 2009 in the form of testimony from Ms. Lisalda. There was also admissible evidence that Appellant did not change his registered address with the St.

Charles County Sheriff's Office until 22 March 2010 in the form of testimony from Angela Clark, an employee of the sheriff's department, and the change of address form executed by Appellant. Appellant argues that this evidence alone was not sufficient evidence to convict him of failing to register. He claims that he was not required to update his address with the sheriffs office until he had a new "permanent" address, and since he was transient between 31 December 2009 and 17 March 2010, he had no "address" to update.

█ The law requires any person required to register as a sex offender to register "not later than three business days after each *change* of name, residence within the county or city not within a county at which the offender is registered, employment, or student status...." Section 589.414.1 (emphasis added). Appellant argues that the statute only requires a sex offender to update his status when he obtains a new residence, but not during any period when he is transitory or homeless. The State counters that the statute requires on offender to update his status anytime he leaves a residence with no intention of returning.

This appears to be an issue of first impression in Missouri. However, decisions from a federal circuit interpreting a similar law, the plain language of the statute, and the purpose of the statute all urge in favor of the State's position.

In *U.S. v. Van Buren*, the Court was faced with a similar question in regard to the Sex Offender Registration and Notification Act (SORNA)—whether a sex offender was required to update his status at the time he left one residence with no intent to return or only when he established a new residence. *U.S. v. Van Buren*, 599 F.3d 170, 173 (2d Cir.2010). Like Missouri's registry law, SORNA requires a sex offender to update his registration "not later than 3 business days

after each change of name, residence, employment, or student status...." 42 U.S.C. Section 16913(c). The Court in *Van Buren* held that "SORNA requires a convicted sex offender to update his registration information in person upon terminating his current residence with no intention of returning, even if the sex offender has not yet established a new residence." *Van Buren*, 599 F.3d at 175. It reasoned that adopting the interpretation urged by the defendant in that case (and the Appellant in this case) would allow sex offenders to evade the registration requirements by leading an itinerant lifestyle and that this in turn would increase the likelihood that a registrant would go missing, thus defeating the purpose of the registration system. *Id.* The same logic applies to the case at hand.

The plain language of the statute also supports the interpretation urged by the State. The statute requires a sex offender to update his registration "not later than three business days after each *change* ...." Section 589.414.1 (emphasis added). The statute makes no reference to a "new" residence, but only to a "change" in residence. The Court's reasoning in *Van Buren* is again persuasive. The defendant in *Van Buren* argued that there were two possible definitions of the word "change:" "(1) 'change' that means 'to change from something to nothing' and (2) 'change' that means to 'change from something to something else.'" *Id.* at 173. The Court concluded that the defendant's conduct in leaving his original residence to lead an itinerant lifestyle qualified as a "change" under either definition:

Defendant's conduct qualifies as a "change" in the sense of "chang[ing] from something to nothing" because he has gone from having a residential address to having no permanent address. Defendant's conduct also constitutes a "change" in the sense of "chang[ing]

from something to something else" because defendant has gone from having a fixed residence to having an itinerant or constantly moving residence. Therefore, whichever definition one uses, defendant's conduct violates the requirement that he update his registration information when his residence changes. *Id.* at 174. When a sex offender leaves a residence with no intention to return, even if he leaves to become homeless, his residence has *changed* as it is no longer that of the original residence.

Finally, the State's interpretation is supported by the purpose of the statute. One purpose of the statute is to "protect children from violence at the hands of sex offenders." *Doe v. Phillips,* 194 S.W.3d 833, 839 (Mo. banc 2006). The State accomplishes this goal by keeping track of the location of known sex offenders. This purpose is significantly thwarted if offenders are allowed to evade registration requirements by not maintaining a permanent residence.

### Conclusion

This Court adopts the interpretation advocated by the State and articulated in *U.S. v. Van Buren.* We hold that when a sex offender leaves a residence with no intent to return, such conduct constitutes a "change" in residence and he is required to update his status with the appropriate authority. Given such an interpretation, there was sufficient admissible evidence to support Appellant's conviction and the trial court's judgment is affirmed.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J., concur.