GARY W. LYNCH, J.
Following a bench trial, Ryan Gabriel Salvador ("Defendant") was found guilty of driving while intoxicated, a class B misdemeanor. See section 577.010.[1] The trial court sentenced Defendant to ninety days in the county jail, suspended the execution of the sentence, and placed him on two years' unsupervised probation. Defendant timely appeals, challenging the admission of alleged hearsay evidence concerning the maintenance of the breath analyzer used to measure his blood alcohol content ("BAC"). Assuming, without so finding, that the challenged evidence was hearsay and erroneously admitted as claimed by Defendant, we determine that Defendant has failed to demonstrate that its admission prejudiced him and therefore affirm the trial court's judgment.
Factual and Procedural Background
Defendant does not challenge the sufficiency of the evidence to support his conviction. In short, the evidence, in the light most favorable to the verdict, State v. Lammers , 479 S.W.3d 624, 632 (Mo. banc 2016), was that, early on the morning of October 24, 2014, Greene County Corporal Andrew Webb ("Corporal Webb") initiated a traffic stop of a vehicle operated by Defendant. Corporal Webb observed that Defendant exhibited several indicators of intoxication and placed him under arrest. With Defendant's consent, his BAC was measured at 1:58 a.m. using an Alco-Sensor IV with printer ("the breath analyzer"), which yielded a result of .163 percent-over twice the legal limit.
At trial, Corporal Webb was the State's sole witness. During his testimony, the prosecutor sought to admit two sets of records with affidavits relating to the maintenance of the breath analyzer as State's Exhibit 1. The records reflect that the breath analyzer was inspected and tested on September 20, 2014, at 10:07 a.m. and again on October 24, 2014, at 12:07 p.m. In the attached affidavits, the affiant, a custodian of records for the Greene County Sheriff's Department, identified and purported to lay the foundational requirements to admit the following documents as business records: "AS-IV with printer maintenance report [ (collectively referred to as "the Maintenance Reports") ], Type II (2) permit, certificate of *82 solution [ ("the Certificate of Analysis") ], and AS-IV with printer tickets."[2]
Defendant objected to the admission of the Certificate of Analysis. The Certificate of Analysis on its face purports to be a record of "GUTH LABORABORTIES, INC." in Harrisburg, Pennsylvania, signed by its president, certifying testing on "Random Samples of Lot Number 13280 of Alcohol Reference Solution for Simulator[.]" It states further that "[w]hen used in a calibrated Simulator, operating at 34°C +/- .2°C, this solution will give a breath alcohol analysis instrument reading of 0.100 g/210L +/- 3%." Defendant argued to the trial court that the state was using the Certificate of Analysis
for the truth of the matter asserted because the laboratory tests they have to use-they have to use that particular solution that is certified to-to 0.10, and so they are telling you-or they are-they are trying to assert that that is a truthful document, and that that is the-the liquid that they utilized whenever they conducted this particular maintenance.
Defendant asserted that because the Certificate of Analysis was not a record created by the Greene County Sheriff's Department and, therefore, the affiant could not attest to its mode of preparation or that it was made in the regular course of business, it did not satisfy the business records exception to hearsay inadmissibility.
The trial court overruled Defendant's objection. State's Exhibit 1 was admitted into evidence and, thereafter, the breath analyzer result showing Defendant's BAC was admitted into evidence, subject to Defendant's "same" objection as to the admissibility of the Certificate of Analysis. Defendant was ultimately found guilty of driving while intoxicated. He timely appeals. Additional background relevant to our analysis is set out, infra , as we address Defendant's point on appeal.
Standard of Review
A trial court has broad discretion to admit or exclude evidence at trial. This standard of review compels the reversal of a trial court's ruling on the admission of evidence only if the court has clearly abused its discretion. That discretion is abused when a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration. Additionally, on direct appeal, this Court reviews the trial court for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. Trial court error is not prejudicial unless there is a reasonable probability that the trial court's error affected the outcome of the trial.
State v. Forrest , 183 S.W.3d 218, 223-24 (Mo. banc 2006) (internal citations and quotations omitted).
Discussion
Defendant's sole point relied on contends that the trial court erred in admitting the Certificate of Analysis because it was hearsay and no proper business record foundation was laid for its admission per the requirements of section 490.680.[3] This argument is unavailing because, *83 assuming without deciding that the Certificate of Analysis was erroneously admitted, Defendant fails to demonstrate that the trial court's alleged error prejudiced him.
Defendant attempts to make the requisite prejudice showing by arguing that "[h]ad the Certificate of Analysis been excluded, the State could not have proven that the breath analyzer had been calibrated with simulator solutions of the required concentration." Absent this evidence, he reasons, the trial court would have been required "to exclude the results of the breath analyzer -which was the best evidence the State had to convict [Defendant] of driving while intoxicated." We disagree.
"To lay a proper foundation for the admission of the breathalyzer test results ... the State must show that the test was executed: (1) by following the approved methods and techniques of the Department of Health [and Senior Services ("DHSS") ]; (2) by a person holding a valid permit; and (3) on equipment and devices approved by [DHSS]." State v. Ostdiek , 351 S.W.3d 758, 772 (Mo.App. 2011) (internal quotation marks omitted); see also sections 577.020.4 and 577.037.4. Defendant's challenge is directed only toward the first requirement.
Defendant cites DHSS regulation 19 CSR 25.30.051(2) for the calibration requirements necessary to lay a foundation for the admission of the breath analyzer results. It provides: "Standard simulator solutions, used to verify and calibrate evidential breath analyzers, shall be solutions from approved suppliers. The standard simulator solutions used shall have a vapor concentration within five percent (5%) of the following values: (A) 0.10%; (B) 0.08%; or (C) 0.04%." 19 CSR 25.30.051(2).[4] The regulation also lists the "approved suppliers" of standard simulator solutions, which includes "Guth Laboratories, Inc. Harrisburg, PA 17111-4511[.]" Id. (3).
As this is a court-tried case, we assume the trial court ignored inadmissible evidence, unless the appellant can demonstrate that the trial court relied upon it in reaching its decision. State v. Crews , 406 S.W.3d 91, 94 (Mo.App. 2013). Here, Defendant cannot so demonstrate because the Maintenance Reports-documents also included in State's Exhibit 1-were admitted without objection and support compliance with 19 CSR 25.30.051(2). The Maintenance Reports have boxes with check marks indicating that calibration tests were run on the breath analyzer using "SIMULATOR SOLUTION" supplied by "Guth Laboratories" having a solution value of "0.100% STANDARD"[5] The Maintenance Reports, therefore, support the existence of the breath analyzer calibration requirements of 19 CSR 25.30.051(2). "Generally, prejudice does not exist when the objectionable evidence is merely cumulative of other evidence that was admitted without objection and that sufficiently establishes essentially the same facts." State v. Kelly , 367 S.W.3d 629, 630 (Mo.App. 2012) (quotations omitted).
Accordingly, even assuming, without deciding, that the Certificate of Analysis is inadmissible hearsay, Defendant has failed *84 to demonstrate he suffered any prejudice in its alleged erroneous admission. Defendant's point is denied.
Decision
The trial court's judgment is affirmed.
Appendix *85 *86 MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, JR., J.-concurs

"A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." Section 577.010. References to statutes are RSMo 2000, updated through RSMo Supp. 2014.

We refer to "the Certificate of Analysis" in singular form because the two documents included in State's Exhibit 1 matching that description are identical to one another.

Section 490.680 provides:
A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.
This foundational showing may be made by affidavit. Section 490.692.

All regulatory references are to the Missouri Code of State Regulations in effect as of October 24, 2014.

The Maintenance Reports and the Certificate of Analysis are reproduced in the appendix to this opinion, infra.