

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,          )
                                     )
       Plaintiff-Respondent,   )
                                     )
v.                                 )     No. SD38162
                                     )
                                     )     Filed: **September 13, 2024**
                                     )
STEVEN RAY HANKS, SR.,   )
                                     )
       Defendant-Appellant.   )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable Robert Z. Horack, Judge

### **AFFIRMED**

Steven Ray Hanks, Sr. ("Defendant") appeals his conviction for failing to register as a sex offender in violation of §§589.400 and 589.414.[1]  Defendant claims that there was insufficient evidence to convict him, and that the trial court committed plain error by failing to *sua sponte* strike testimony or declare a mistrial after evidence of a restriction that Defendant was not permitted to live within a thousand feet of a school zone was introduced at trial.

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016, as amended through December 28, 2021, the date of the alleged incident.

Because the evidence was sufficient to convict Defendant and the trial court did not err in failing to take *sua sponte* action, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In fall 2021, Defendant, a registered sex offender, talked to the custodian of the Scott County Sheriff's Department sex offender registry ("Detective"), about moving to an address in Sikeston, Missouri. Detective refused to register Defendant to the Sikeston address because the address was within a thousand feet of a school. Defendant told Detective that he and his girlfriend, D.L., "had already put a deposit down" and that "he was attempting to move there." Detective told Defendant to "find an address that was not within [a] thousand [feet] of a school and . . . to check back with [him] in a timely manner." After this, Detective told Defendant "five to six times" that, due to the restriction, Defendant would not be permitted to register the Sikeston address. Detective believed that, because he told Defendant he could not live at the Sikeston address, Defendant had not moved there.

On December 28, 2021, a Sikeston Police Officer ("Officer") was dispatched to the Sikeston address on a domestic violence call. When Officer arrived, he met with D.L. and Defendant. After running Defendant's information, Officer was informed that Defendant was a registered sex offender in Scott County. At that time, Defendant was still registered to an address in Oran, Missouri.

Defendant and D.L. told Officer that Defendant had been living at the Sikeston address for "[a] couple weeks." D.L. told Officer that "[Defendant] wasn't supposed to be living there" because she "was mad at him." Defendant admitted to Officer that he knew he was not supposed to be living at the Sikeston address.[2]

---

[2] On May 17, 2022, almost five months after the offense, the trial court granted Defendant's motion to amend bond, finding that Defendant was not subject to the thousand-foot restriction because his prior offense, if committed in

At trial, Defendant stipulated that he was a registered sex offender in Missouri. Defendant argued that law enforcement had been mistaken in their belief that the thousand-foot restriction applied to him and that he should not be punished for law enforcement's error. Additional relevant facts will be discussed in the respective analysis sections below.

The jury found Defendant guilty of failing to register as a sex offender. Defendant was sentenced to six years in prison and this appeal followed.

## ANALYSIS

I.     Sufficiency of the evidence

Defendant's Point I alleges that there was insufficient evidence to support his conviction. When reviewing for sufficiency of the evidence, this Court considers "whether the evidence was sufficient for a reasonable fact-finder to find each element of the crime beyond a reasonable doubt." *State v. Jacobs*, 421 S.W.3d 507, 513 (Mo. App. S.D. 2013) (quoting *State v. Kelly*, 367 S.W.3d 629, 630 (Mo. App. E.D. 2012)). "We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict and disregard all contrary evidence and inferences." *Id.* (citing *State v. Younger*, 386 S.W.3d 848, 851 (Mo. App. W.D. 2012)). "The State may meet its burden of proof by presenting . . . circumstantial evidence connecting the defendant to each element of the crime." *State v. Alexander*, 505 S.W.3d 384, 393 (Mo. App. E.D. 2016) (citing *State v. Burns*, 444 S.W.3d 527, 529 (Mo. App. E.D. 2014)). When considering whether evidence was sufficient to support a conviction, circumstantial evidence is given the same weight as direct evidence. *Id* (citing *Burns*, 444 S.W.3d at 528–29).

To prove that a defendant committed the crime of failing to register, the State must show: (1) the defendant was required to register under §§589.400 to 589.425; (2) the defendant changed

---

Missouri, would not be an offense under any of the listed offenses for which §566.147 restricts the offender from residing within one thousand feet of a school.

his residence; (3) the defendant did not inform the registrar of the change within three days of the change; and (4) the defendant acted knowingly. *Jacobs,* 421 S.W.3d at 513–15; *see also* §§589.400 and 589.414.

Defendant stipulated that he was required to register his address because he was a registered sex offender in Missouri. Defendant does not dispute that he moved from the Oran address to the Sikeston address, but argues that he did not fail to "inform" the registrar of this change of residence within three days and that he did not do so "knowingly."

In *Jacobs*, 421 S.W.3d, the defendant challenged his conviction for failure to register based on insufficiency of the evidence. The defendant had asked the registrar if he could reside at an address, but the registrar told him he could not because it was too close to a school. *Id.* at 508. The defendant moved to the address anyway and did not inform the registrar until two and a half months later. *Id.* The Court found that the evidence supported that Defendant knew he was required to inform the registrar of his change of address within three days of the change, and that "[t]he inference favorable to the verdict . . . is that [the] defendant *asked* if the address was appropriate." *Id.* at 514. Thus, merely asking to change residences, which the registrar refused, did not constitute reporting a change of address. *Id.*

Here, like in *Jacobs,* Defendant asked Detective if he could change his address and Detective told Defendant that he could not due to the residence's location. The evidence supports that Defendant merely asked if the address would be appropriate – not that Defendant was actually registering the address. Defendant had registered his previous address, and had talked to Detective at least five times about not being permitted to move to the Sikeston address. Defendant admitted to Officer that he knew he was not supposed to be living at the Sikeston address, indicating Defendant's understanding that the address was not registered. These facts

4

are sufficient to permit the jury to find that Defendant failed to inform the registrar of the change and did so knowingly. Whether or not Detective may have been mistaken about the restriction is irrelevant. Defendant moved anyway, and failed to report that move within three days. Point I is denied.

II.      The trial court's failure to *sua sponte* strike testimony or declare a mistrial

In Points II and III, Defendant alleges that the trial court erred in failing to *sua sponte* strike testimony or declare a mistrial when evidence was introduced that Defendant was told he was not allowed to live within one thousand feet of a school zone.

When an appellant does not object to evidence at trial, this Court is limited to plain error review under Rule 30.20. ***State v. Cobb***, 875 S.W.3d 533, 537 (Mo. banc 1994). Plain error review is a two-step process:

> The first step requires a determination of whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear. If plain error is found, the court then must proceed to the second step and determine whether the claimed error resulted in manifest injustice or a miscarriage of justice.

***State v. Baumruk***, 280 S.W.3d 600, 607–08 (Mo. banc 2009). To obtain a new trial on direct appeal based on a claim of plain error, the appellant must show that the error was outcome-determinative. ***State v. Wood***, 580 S.W.3d 566, 579 (Mo. banc 2019) (citing ***State v. Baxter***, 204 S.W.3d 650, 652 (Mo. banc 2006)).

"Missouri courts historically reject invitations to criticize trial courts for declining to *sua sponte* take action on behalf of a party during witness examinations." ***State v. Giles***, 386 S.W.3d 822, 824 (Mo. App. S.D. 2012) (citing ***State v. D.W.N.***, 290 S.W.3d 814, 819 (Mo. App. W.D. 2009)). Such action invites trial error. ***Giles***, 386 S.W.3d at 824. "We do not expect trial judges

to assist counsel in the trial of a lawsuit . . . . They preside to judge a lawsuit." ***State v. Drewel***, 835 S.W.2d 494, 498 (Mo. App. E.D. 1992).

Moreover, when the record shows that the defendant's counsel strategically allowed evidence to be admitted, the trial court cannot be guilty of plain error for failing to prohibit that evidence. ***D.W.N.***, 290 S.W.3d at 820.

> If an appellate court is going to convict a trial judge of failing to *sua sponte* take measures to usurp the role of trial counsel and voice its objection to the introduction of evidence that trial counsel may very well ***want*** in evidence for the purpose of exploiting such evidence, we must be firmly convinced that any other result would constitute a miscarriage of justice.

*Id.* (emphasis in the original).

Defendant never objected to any testimony regarding the thousand-foot restriction at trial. It was Defendant who injected the issue into the trial as part of his defense that it was law enforcement's mistake, not Defendant's, that caused him to fail to register. During opening statements, the cross-examination of the State's witnesses and closing arguments, Defendant repeatedly referred to the thousand-foot restriction and argued law enforcement's mistake should not be held against him. The State only mentioned the issue on a couple of occasions, without objection, and only after Defendant had repeatedly raised the issue as part of his defense. The record is clear that Defendant wanted the thousand-foot restriction in evidence.

"[A] defendant may not take advantage of self-invited error nor complain about matters he himself brings into the case." ***State v. Crenshaw***, 59 S.W.3d 45, 50 (Mo. App. E.D. 2001) (quoting ***State v. Uka***, 25 S.W.3d 624, 626 (Mo. App. E.D. 2000)). This Court is not firmly convinced that the trial court's failure to *sua sponte* strike the testimony or declare a mistrial resulted in a miscarriage of justice. Points II and III are denied.

## CONCLUSION

The Judgment is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS