Keith Jonathan FOREST, Appellant,

v.

STATE of Missouri, Respondent.

No. 56585.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1990.

Michael D. Burton, Phil Horwitz, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Keith Jonathan Forest, appeals from the denial of his Rule 24.035 motion after an evidentiary hearing. We affirm.

Appellant pled guilty to second degree murder and to first degree robbery on December 4, 1985, and, pursuant to a plea agreement, was sentenced to consecutive terms of life imprisonment and fifteen years, respectively. On March 30, 1988, appellant filed his *pro se* Rule 24.035 motion which was amended by counsel on June 30, 1988.

■ Counsel for appellant was appointed on April 15, 1988, and on May 20, 1988, counsel for appellant requested an additional thirty days with which to file an amended motion, which the motion court granted. Rule 24.035(f) provides that the amended motion shall be filed within thirty days of counsel's appointment but can be extended for one additional thirty day period. Counsel's time to file an amended motion expired on June 15, 1988. The trial court was without authority to give additional time beyond that provided by the rule. *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989). The grounds alleged in the amended motion were, therefore, time barred and procedurally waived. *Id.* at 582. Therefore, only appellant's *pro se* motion can be considered.

■ Appellant's *pro se* motion, which was timely filed, claimed ineffective assistance of counsel in that he was misled into believing that sentences would be imposed concurrently, not consecutively. Appellant also stated in his *pro se* motion that he was unable to procure a transcript of his guilty plea hearing. The State and appellant's counsel stipulated that the tape recorded transcript of appellant's plea hearing was lost and unavailable. The evidentiary hearing was an attempt to reconstruct the relevant portions of appellant's plea proceeding in order for the court to rule on appellant's claim.

Appellant's sole point on appeal is that without a full transcript of the plea, it was impossible for the motion court to conclude that appellant's plea was voluntarily given and this requires that his conviction and sentence be vacated. We cannot agree.

Appellant is certainly entitled to a full and complete transcript on appeal. *Jackson v. State*, 514 S.W.2d 532, 533 (Mo. 1974); *State v. Fults*, 719 S.W.2d 46, 48 (Mo.App., E.D.1986). However, the lack of a complete transcript does not automatically require reversal. *Fults*, 719 S.W.2d at 48. Since it is appellant's responsibility to prepare and file a transcript on appeal, a reversal is only required if appellant shows that he has exercised due diligence in trying to cure the defect and is able to show that he is prejudiced by the lack of a complete record. *State v. Borden*, 605 S.W.2d 88, 91–2 (Mo. banc 1980).

In the case at bar, the first prong of this test is met since it is not disputed that the court lost the tape and there is no suggestion that appellant's lack of diligence is to blame. The question is whether the lack of a transcript prejudiced appellant by preventing him from adequately presenting his post-conviction claims.

In *State v. Davis*, the Missouri Supreme Court addressed a similar situation. *State v. Davis*, 438 S.W.2d 232 (Mo.1969). There, the court reporter died before appellant's Rule 27.26 proceedings were filed and none of the reporter's notes regarding the plea proceeding could be found. *Id.* at 234. The Supreme Court stated that since the motion court did not have a transcript of the plea, the court must determine whether appellant was entitled to post-conviction relief based on evidence otherwise adduced. *Id.* at 235. The Supreme Court then found that the motion court had abundant evidence with which to support its rulings. *Id.* at 237.

In the case at bar, the issue was whether appellant was misled and, if so, whether this affected the voluntariness and understanding of the plea. Both appellant and his trial counsel testified at the evidentiary hearing. Appellant admitted that at his plea he understood that he was being sentenced to consecutive terms of imprisonment. Further, trial counsel specifically

recalled going over the plea agreement in detail with appellant before his plea, remembered telling him that his sentences would be imposed consecutively, and explained to him what was meant by consecutive sentences. The motion court had sufficient evidence, without the transcript, to support its finding that appellant understood his plea agreement and the court's denial of relief was not clearly erroneous. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989).

REINHARD and CRIST, JJ., concur.