Michael A. TAYLOR, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 88784.

Supreme Court of Missouri,
En Banc.

May 20, 2008.

Rehearing Denied June 24, 2008.

Robert W. Lundt, Office of the Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stephen D. Hawke, Assistant Attorney General, Jefferson City, for respondent.

RICHARD B. TEITELMAN, Judge.

Michael Taylor appeals from a judgment denying his motion to re-open a motion for post-conviction relief which was overruled in 1994. The judgment is affirmed.

## FACTS

In February 1991, Michael Taylor pleaded guilty to first degree murder, section 565.020; armed criminal action, section 571.015; kidnapping, section 565.110; and forcible rape, section 566.030.[1] He was sentenced to death for the murder. In June 1993, this Court issued a summary order vacating Taylor's death sentence and ordered a new penalty phase hearing. The order neither affirmed nor reversed the guilty plea. *State v. Taylor*, 929 S.W.2d 209, 215 (Mo. banc 1996).

The circuit court conducted a second penalty-phase hearing. In June 1994, the court again sentenced Taylor to death. Taylor filed a pro se motion for post-conviction relief pursuant to Rule 24.035, challenging his guilty plea and the second penalty-phase hearing and sentence. Post-conviction counsel filed an amended motion. After an evidentiary hearing, the

motion court overruled Taylor's motion. The judgment was affirmed. *State v. Taylor*, 929 S.W.2d 209 (Mo. banc 1996). The United States Supreme Court declined to review the case. *Taylor v. Missouri*, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997).

In August 2005, Taylor filed a pro se motion alleging that his Rule 24.035 motion should be re-opened. First, Taylor alleged that he was abandoned by post-conviction appellate counsel because counsel did not brief and argue ineffective assistance of counsel during his plea and the first sentencing hearing. Second, Taylor alleged that the doctrine of judicial estoppel warrants re-opening his case because the State took the position in the state court that Taylor's claims of ineffective assistance of plea counsel were fully litigated but then argued in federal court that those claims were barred based upon failure to fully litigate the issues in state court.

In July 2007, the motion court denied relief, finding that Taylor had not been abandoned by post-conviction counsel and that judicial estoppel did not apply. Taylor appeals.

## ANALYSIS

### I. *Abandonment*

Rule 24.035 motions for post-conviction relief generally are governed by the rules of civil procedure. Rule 24.035(a). As with any other civil case, the trial court retains jurisdiction to reopen a 24.035 proceeding 30 days after entry of judgment. Rule 75.01. Thus, the trial court lost jurisdiction of Taylor's original and amended motions in 1994, 30 days after those motions were denied.

---

**1.** All statutory references are to RSMo 1986, unless otherwise noted.

■ The abandonment doctrine provides a narrow exception permitting the circuit court to re-open an otherwise final post-conviction case. *State ex rel Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001). "Abandonment occurs when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Barnett v. State*, 103 S.W.3d 765, 773–74 (Mo. banc 2003). Claims of abandonment are reviewed carefully to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel. *Id.* at 773–74. The motion court's judgment overruling Taylor's motion to re-open the proceedings is reviewed for clear error. *Id.*

■ Taylor argues that he was abandoned by post-conviction appellate counsel because counsel did not brief and argue ineffective assistance of counsel during his plea hearing. The failure to brief a certain issue on appeal does not constitute abandonment. This is not a case where counsel failed to take any action on Taylor's behalf with respect to filing the amended motion or failed timely to file an amended post-conviction motion.

Taylor's appellate counsel timely filed a brief consisting of approximately 100 pages containing allegations of error concerning sentencing, the trial court's decision to not permit Taylor to withdraw his guilty plea, and alleged ineffective assistance of counsel during the penalty phase. If there is any deficiency in the brief that was filed, the deficiency stems not from counsel's abandonment of Taylor, but instead from what amounts to an non-cogni-zable allegation of ineffective assistance of post-conviction appellate counsel.

The motion court did not clearly err in declining to re-open Taylor's post-conviction case based upon his allegations of abandonment.

## II. *Judicial Estoppel*

■ Taylor also argues that the motion court clearly erred by not re-opening his post-conviction case based upon Taylor's judicial estoppel argument. Taylor contends that at the start of the second penalty-phase proceeding, the State agreed "not to assert procedural objections to claims and issues presented in the first appeal." As a result, Taylor alleges that his post-conviction counsel relied upon the State's assurances and, as a result, declined to raise claims of ineffective counsel during the plea hearing.

■ The doctrine of judicial estoppel provides that "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1987, 164 L.Ed.2d 749 (2006), quoting *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895).

Taylor cites no case law applying the doctrine of judicial estoppel to a motion to re-open a post-conviction case. Moreover, a review of the record demonstrates that the State only declined to object "to the Court taking judicial notice of the prior proceedings and the transcripts which have been prepared in connection therewith." The State did not agree to excuse Taylor's procedural default by declining to brief the ineffective assistance claims on

appeal. The fact that an issue is preserved in the trial court does not relieve appellate counsel of the obligation to brief an issue for the state appellate court. Taylor's failure to brief points relating to the effectiveness of the guilty plea counsel constituted default. Rule 84.13(a). There is no basis for applying the estoppel doctrine against the State to cure Taylor's procedural default.

The judgment is affirmed.

STITH, C.J., PRICE, RUSSELL, WOLFF, and BRECKENRIDGE, JJ., and CRANE, Sp. J., concur.

LIMBAUGH, J., not participating.