Johnnie C. VOLNER, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 28433.

Missouri Court of Appeals,
Southern District,
Division Two.

May 29, 2008.

Gordon Rolla Upchurch, Law Office of
Gordon Upchurch, Union, MO, for Appel-
lant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
and Shaun J. Mackelprang, Assistant At-
torney General, Jefferson City, MO, for
Respondent.

GARY W. LYNCH, Chief Judge.

Johnnie Volner ("Movant") appeals the dismissal of his motion to reopen his post-conviction proceeding, alleging that he had been abandoned by appointed post-conviction counsel. Movant raises two issues on appeal: (1) that he was abandoned by post-conviction counsel because counsel filed an untimely amended motion, and (2) that he was abandoned by post-conviction counsel because counsel omitted from that amended motion an issue presented by Movant in his *pro se* motion which Movant claims would have afforded him post-conviction relief. Finding that the motion court properly dismissed Movant's motion, we now affirm.

### Factual and Procedural Background

On October 1, 1999, Movant pleaded guilty to two counts of felonious assault and one count of second-degree assault, all pursuant to section 565.050.[1] The trial court sentenced Movant to a twenty-five-year term on Count I, and seven-year terms on Counts II and III, to be served concurrently. Initially, Movant filed a direct appeal of his conviction and sentence; however, that appeal was voluntarily dismissed. On February 14, 2000, Movant filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035.[2] An Entry of Appearance on Movant's behalf was filed on March 30, 2000, by public defender Mark Grothoff, who was thereafter appointed by the court on April 6, 2000, to represent Movant. On June 5, 2000, Movant's counsel filed a motion requesting an extension of time to file an amended motion, and he filed that amended motion on June 9, 2000. The motion court held a hearing on Movant's amended motion on July 25, 2000, and denied it by judgment

entered on August 7, 2000. Movant appealed that judgment, and this Court affirmed it by order without an opinion, pursuant to Rule 84.16(b)(2) and (5), and by our mandate issued on May, 11, 2001.

During February, 2007, Movant filed a series of *pro se* motions seeking to reinstate or re-open his post-conviction proceeding on the ground that he was abandoned by his post-conviction counsel. On February 26, 2007, Movant's current counsel entered his appearance and thereafter filed on Movant's behalf a "Memorandum in Support of [Movant's] Amended Motion to Reopen Pleadings for Post Conviction Relief for Abandonment." In particular, Movant argued that post-conviction counsel abandoned him; first, because he filed an amended post-conviction motion untimely, and second, because counsel omitted from the amended motion a claim Movant had included in his original *pro se* post-conviction motion. The motion court denied Movant's Amended Motion to Reopen Pleadings without an evidentiary hearing on April 5, 2007. This appeal timely followed.

### Discussion

■ We review the motion court's judgment denying Movant's motion to reopen his post-conviction proceedings for clear error. *Taylor v. State*, 254 S.W.3d 856, 2008 WL 2102440, 1 (Mo. banc 2008).

### No Abandonment Because Amended Motion was Timely Filed

■ In his first point relied on, Movant contends that abandonment exists because his post-conviction counsel failed to file a timely amended post-conviction motion. He first directs us to *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210 (Mo. banc 2001), in

---

1. All references to statute are to RSMo 1999.

2. All references to rules are to Missouri Court Rules (2000), unless otherwise indicated.

which the Supreme Court of Missouri recognized the procedure of moving to reopen post-conviction proceedings on the ground of abandonment. *Id.* at 218. Movant then cites *Winfield v. State*, 93 S.W.3d 732 (Mo. banc 2002), and our Supreme Court's articulation in that case of two ways in which abandonment by post-conviction counsel occurs: (1) when

post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner.

*Id.* at 738–39 (citing *Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996)). Movant's first point argues that counsel's actions fall under the latter of the two scenarios.

Movant relies upon *Forest v. State*, 787 S.W.2d 789 (Mo.App.1990), in support of his position that counsel filed Movant's amended post-conviction motion untimely. In particular, Movant asserts that "[o]ur courts have long since recognized and affirmed that a request for extension filed after sixty days of Appellant counsel's appointment is untimely and the trial court is without authority to give additional time beyond that provided by the rule." Movant misconstrues the Court's holding in *Forest*, however.

In *Forest*, the defendant filed a timely *pro se* post-conviction motion, but counsel's request for a thirty-day extension of time within which to file an amended motion, permitted under then-Rule 24.035(f), was filed five days after the then initial thirty-day period for filing an amended motion

had expired.[3] *Id.* at 790. Nevertheless, the motion court sustained the motion and granted the thirty-day extension as allowed by the rule. *Id.* Counsel, however, thereafter failed to file an amended motion within that thirty-day extended period, doing so fourteen days after its expiration. *Id.* The *Forest* court's determination that the trial court lacked jurisdiction to grant additional time beyond that provided by court rule—and the basis for Movant's claim of untimeliness in this case—dealt not with a request for extension made after the initial filing period, but rather with counsel's filing of the amended motion after the additional thirty-day extension period had expired. *Id.* In fact, the *Forest* court's non-descript treatment of counsel's request for an extension made after the expiration of the initial period within which to file an amended motion is tantamount to tacit approval of such a filing, so long as counsel then complies with the rule-mandated thirty-day limit to that extension.

The facts of the instant case align closely with those implicitly found acceptable in *Forest*. Here, although the initial sixty-day time limit within which to file an amended motion expired on June 1, 2000, as noted in the motion court's records, Movant's post-conviction counsel filed a motion for an extension five days later, and then filed Movant's amended motion four days after that, all well within the thirty-day extension period permitted by Rule 24.035(g). Unlike *Forest*, in which counsel failed to file the amended motion within such extended period, Movant's post-conviction counsel here made sure to do so.

Further supporting the notion of timeliness in the instant case is the motion

---

**3.** Rule 24.035 was amended after *Forest* such that in 2000, Rule 24.035(g) provided for an initial sixty days within which to file an amended motion, but maintained the thirty-day extension period at the motion court's discretion. Rule 24.035(g).

court's acceptance of the filing of the amended motion, and the subsequent hearing on that motion, which took place on July 25, 2000. Such actions implicitly acknowledge and support that the motion court exercised its discretion, as granted by Rule 24.035(g), and extended the time period within which an amended motion could be filed for a period not exceeding an additional thirty days after the expiration of the initial sixty-day period. Movant's amended motion filed within that extended time period was, therefore, timely.

Because Movant's post-conviction counsel filed a timely amended post-conviction motion and, thus, no abandonment under the second standard articulated in *Winfield* occurred, Movant's first point is denied.

### No Abandonment Where Counsel Omitted Claim in Amended Motion

■ Movant's second point contends that post-conviction counsel abandoned Movant when he omitted from Movant's amended motion a claim which Movant had included in his *pro se* motion. In particular, Movant argues that his post-conviction counsel's failure to allege in the amended post-conviction motion that Movant's plea was coerced and not fully and accurately explained to Movant prior to its completion amounts to abandonment, because counsel clearly knew or should have known about the issue, as it was included in Movant's *pro se* motion.

■ As expressed in *Winfield,* and again more recently stated by our Supreme Court:

Abandonment occurs when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2)

when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner.

*Taylor,* 254 S.W.3d at 858, 2008 WL 2102440 at 1 (citing *Barnett v. State,* 103 S.W.3d 765, 773–74 (Mo. banc 2003)); *Winfield,* 93 S.W.3d at 738–39. Movant's allegations in his motion, which we assume as true—that post-conviction counsel omitted from the amended motion a claim asserted by Movant in his *pro se* motion—fit neither characterization of abandonment by post-conviction counsel as so defined by our Supreme Court. *Id.*

■ As our Supreme Court expressly articulated in *Winfield,* "materially incomplete action" on the part of post-conviction counsel does not constitute abandonment. *Winfield,* 93 S.W.3d at 739. Moreover, while Movant's claim might closely resemble that of ineffective assistance of counsel, it is no more cognizable under that alternative theory because there is not a constitutional right to the effective assistance of counsel in a post-conviction proceeding. *State v. Hunter,* 840 S.W.2d 850, 871 (Mo. banc 1992). A claim that post-conviction counsel "abandoned" a potential claim "is not abandonment but more accurately a claim that counsel was ineffective." *Moore v. State,* 248 S.W.3d 733, 735 (Mo.App. 2008). As such, there was no cognizable claim of abandonment for the motion court to review. *Taylor,* 254 S.W.3d at 858, 2008 WL 2102440 at 2. Movant's second point is denied.

### Decision

As neither of Movant's claims actually demonstrates abandonment, the motion court was bound by Rule 75.01, which limits the motion court's jurisdiction to thirty days following entry of judgment. Rule 75.01. Movant filed his motion to re-open

nearly five years after entry of judgment in this case. Thus, the motion court's dismissal for lack of jurisdiction was not erroneous, clearly or otherwise, and is affirmed. *Taylor*, 254 S.W.3d at 858, 2008 WL 2102440 at 2; *Moore*, 248 S.W.3d at 735.

RAHMEYER, J., and BURRELL, J., concur.