

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| DANIEL WAYNE HICKS, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33667 |
| | ) | |
| STATE OF MISSOURI, | ) | Filed October 21, 2015 |
| | ) | |
| Respondent-Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

#### Honorable Robert N. Mayer, Circuit Judge

<u>REVERSED AND REMANDED WITH DIRECTIONS</u>

Daniel Wayne Hicks ("Movant") appeals the motion court's dismissal of his Rule 24.035 motion for post-conviction relief.[1] Movant claims the motion court clearly erred in dismissing his *pro se* motion without first conducting an independent inquiry into his appointed counsel's failure to timely file an amended motion. We agree, reverse the dismissal of Movant's *pro se* motion, and remand for further proceedings consistent with this opinion.

Movant pleaded guilty to one count of burglary in the second degree, *see* section 569.170, RSMo 2000, on December 11, 2013, and was sentenced to serve four years'

---

[1] References to rules are to Missouri Court Rules (2015).

imprisonment. He was taken into custody in Dunklin County on that same date and delivered to the Department of Corrections thereafter. Movant did not appeal his conviction.

On April 3, 2014, Movant timely filed a *pro se* Rule 24.035 motion to vacate, set aside or correct the judgment or sentence. The next day, April 4, 2014, the motion court appointed counsel for Movant and granted an additional thirty days to extend the time in which an amended motion was due. On April 7, 2014, a transcript of Movant's guilty plea and sentencing was filed. No further action is indicated in the motion court's docket entries until July 16, 2014. On that date, the motion court dismissed Movant's *pro se* motion "for failure of movant to file an Amended Motion within the time allowed." Movant appeals that dismissal.[2]

Movant presents three points relied on, the first of which challenges the motion court's dismissal of his Rule 24.035 motion for failure to timely file an amended motion. We find this point dispositive and need not address Movant's remaining two claims.

Movant contends the motion court clearly erred in failing to find that Movant had been abandoned by appointed counsel after "counsel failed to take any action after the appointment order[.]" Movant requests that the motion court's dismissal be reversed and that his case be remanded "for appointment of new counsel and time to file an amended motion, or in the alternative, for a hearing on post-conviction counsel's abandonment."

"Appellate review of the [motion] court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(k). A motion court's findings and

---

[2] On December 16, 2014, Movant timely filed a motion in this court for a special order to file a late notice of appeal, as provided for in Rule 30.03, alleging that appointed post-conviction counsel had abandoned Movant and had not filed a timely amended motion, which resulted in the dismissal of his post-conviction action. Pursuant to a special order issued by this court on December 19, 2014, Movant was granted an additional ten days in which to file his notice of appeal. Movant timely filed his notice of appeal on December 29, 2014.

conclusions are clearly erroneous only when, following a review of the entire record, this court is left with a definite and firm impression that a mistake has been made. *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014).

Rule 24.035(e) requires that appointed counsel "shall ascertain whether sufficient facts supporting [a movant's] claims are asserted in [the movant's *pro se*] motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence." "Thereafter, appointed counsel must file either an amended motion to compensate for any deficiencies in the *pro se* motion or, in the alternative, a statement explaining the actions counsel took to ensure that no amended motion is needed." *Vogl v. State*, 437 S.W.3d 218, 226 (Mo. banc 2014).

Rule 24.035 requires that an amended motion be filed within a specific timeline:

If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 24.035(g). "'The time limits for filing a post-conviction motion are mandatory. The movant is responsible for timely filing the initial motion, and appointed counsel must timely file either an amended motion or a statement that the pro se motion is sufficient.'" *Moore v. State*, 458 S.W.3d 822, 827 (Mo. banc 2015) (quoting *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014)). Here, with the thirty-day extension granted by the motion court as allowed by Rule 24.035(g),[3] an amended motion or a statement in lieu thereof was required to be filed no later

---

[3] Rule 24.035(g) provides in relevant part, "The court may extend the time for filing the amended motion for one additional period not to exceed thirty days."

than July 7, 2014.  The record reflects that appointed counsel filed nothing on Movant's behalf on or before this date.

After counsel is appointed to represent a movant in a post-conviction proceeding, appointed counsel's failure to timely file an amended motion "can constitute 'abandonment' of the movant." ***Moore***, 458 S.W.3d at 825.  *See also **Sanders v. State***, 807 S.W.2d 493, 494-95 (Mo. banc 1991).

> "Abandonment occurs when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner."

***Taylor v. State***, 254 S.W.3d 856, 858 (Mo. banc 2008) (quoting ***Barnett v. State***, 103 S.W.3d 765, 773-74 (Mo. banc 2003)).  "'The absence of a record of post-conviction counsel's attention to the *pro se* motion 'creates a presumption that counsel failed to comply with the rule.'" ***Moore***, 458 S.W.3d at 825 (quoting ***Luleff v. State***, 807 S.W.2d 495, 498 (Mo. banc 1991)).[4]  That presumption exists here.

Where the record reflects that post-conviction counsel failed to comply with the requirements set out in Rule 24.035(e), raising a presumption of abandonment, the motion court must undertake an independent inquiry into the performances of both the movant and counsel. ***Vogl***, 437 S.W.3d at 229; ***Bello v. State***, 464 S.W.3d 284, 292 (Mo.App. 2015).  "If a court finds that a movant has been abandoned, then the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." ***Crenshaw v. State***, 266 S.W.3d 257, 259 (Mo. banc 2008).  "[T]he only way to restore the motion court and parties

---

[4] Rules 29.15(e) and (g) mirror the language set out in Rules 24.035(e) and (g), respectively, in proscribing post-conviction counsel's duties and the time for filing an amended post-conviction motion following appointment of counsel.  Cases analyzing Rules 29.15(e) and (g) are applicable here.  *See **Price v. State***, 422 S.W.3d 292, 298 (Mo. banc 2014)).

to the position Rule [24.035(e)] intends for them is for the motion court to appoint new counsel and allow additional time for this counsel to perform the duties required" under the rule. ***Price***, 422 S.W.3d at 298. If any delay in the filing of an amended motion or statement in lieu thereof is attributable to the negligence or intentional conduct of the movant, late filing of an amended motion will not be permitted, ***Sanders***, 807 S.W.2d at 495, and "movant is entitled to no relief other than that which may be afforded upon the *pro se* motion[,]" ***Luleff***, 807 S.W.2d 495, 498 (Mo. banc 1991).

Here, there is nothing in the record to indicate that the required independent inquiry into the issue of abandonment was undertaken by the motion court. "When the independent inquiry is required but not done, this [c]ourt will remand the case because the motion court is the appropriate forum to conduct such an inquiry." ***Moore***, 458 S.W.3d at 826.[5] Accordingly, remand to the motion court for an independent inquiry into whether Movant was abandoned by post-conviction counsel is appropriate here.[6]

The motion court's order dismissing Movant's motion for post-conviction relief is reversed, and the case is remanded to the motion court with directions that it conduct an independent inquiry into whether Movant was abandoned by post-conviction counsel and for further proceedings consistent with the outcome of that inquiry.[7]

---

[5] Although enforcement of mandatory timelines in post-conviction rules is this court's duty, the motion court is the appropriate forum to conduct an inquiry on the issue of abandonment by post-conviction counsel. ***Moore***, 458 S.W.3d at 825-26.

[6] Respondent concedes that there is no indication in the record that an independent inquiry was undertaken by the motion court and that reversal of the dismissal and remand to the motion court for such an inquiry are appropriate.

[7] Because the absence of the required independent inquiry into Movant's presumed abandonment by appointed counsel precluded the motion court's dismissal of Movant's *pro se* motion, we need not reach or express any opinion about the propriety of the motion court's stated basis for such dismissal or the merits of the motion.

GARY W. LYNCH, J. – Opinion author

NANCY STEFFEN RAHMEYER, J. – concurs

WILLIAM W. FRANCIS, JR., J. – concurs