STATE of Missouri, Respondent,

v.

David SIMMONS, Appellant.

David SIMMONS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61295, 63439.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 7, 1993.

---

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, David Simmons, appeals from judgments of conviction after a jury trial, for second degree murder, § 565.021 RSMo 1986, and first degree burglary, § 569.160 RSMo 1986. Defendant also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence to support his conviction. The evidence, viewed in the light most favorable to the verdict, established that on August 19, 1990, defendant strangled to death his girlfriend's mother, Meredith Marshall, and stole her car. After his arrest on August 20, 1990, defendant made a videotaped confession to the murder. The jury found defendant guilty of second degree murder and first degree burglary. The trial court sentenced him to consecutive terms of imprisonment of life for the murder conviction and fifteen years for the burglary conviction. The motion court subsequently denied his Rule 29.15 motion, after an evidentiary hearing.

In his first point, defendant claims that the trial court erred in refusing to strike for cause two specific venirepersons. Defendant argues that the court violated his right to a fair jury in that he had to expend two of his peremptory strikes to eliminate both of these unqualified venirepersons from the venire panel.

Section 494.480, Vernon's Missouri Legislative Service Letter, Laws of the 87th General Assembly, 1993 First Regular Session, at 1345 (1993), governs peremptory challenges and was revised, effective August 28, 1993. The revised statute provides in pertinent part:

The qualifications of a juror on the panel from which peremptory challenges by the defense are made shall not constitute a ground for the granting of a motion for new trial or the reversal of a conviction or sentence unless such juror served upon the jury at the defendant's trial and participated in the verdict rendered against the defendant.

The use of this statute against a defendant tried prior to its effective date does not give rise to ex post facto concerns. *State v. Wings*, No. 61120, slip op. at 4, 1993 WL 453606 (Mo.App.E.D. Nov. 9, 1993). The provisions of § 494.480 therefore apply to the instant action and bar defendant's claim of error. Defendant's first point is denied.

In his second point, defendant contends that the trial court erred in submitting an instruction patterned after MAI–CR3rd 302.04 which defined "proof beyond a reasonable doubt" as "proof that leaves you firmly convinced of the defendant's guilt." Defendant argues that the instruction lowers the State's burden of proof in a criminal case. The Supreme Court of Missouri rejected this identical argument. *See, e.g., State v. Ant-*

*wine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *see also State v. Ottwell,* 852 S.W.2d 370, 373 (Mo.App.E.D. 1993). Defendant's second point is denied.

In his final point, defendant claims that the motion court erred in denying his Rule 29.15 motion after an evidentiary hearing. We have reviewed the record with regard to the allegations of error. The judgment of the motion court is based on findings of fact that are not clearly erroneous; and no error of law appears. An opinion would have no precedential value. Defendant's final point is denied. Rule 84.16(b).

The judgments of conviction are affirmed. The denial of defendant's Rule 29.15 motion is also affirmed.

REINHARD and CRIST, JJ., concur.