David SIMMONS, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 86236.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 2, 2006.

David Simmons, Bonne Terre, MO, Acting Attorney pro se.

Shaun J. Mackelprang, Attorney, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Judge.

David Simmons ("Movant") appeals from the denial of his Motion to Reopen his Rule 29.15 post-conviction relief proceeding ("Motion").[1] We dismiss this appeal for lack of subject matter jurisdiction.

### Procedural History

This Court affirmed Movant's convictions for first-degree murder and first-degree burglary and the denial of his 29.15 post-conviction relief motion, after an evidentiary hearing in *State v. Simmons*, 865 S.W.2d 893 (Mo.App. E.D.1993). Movant filed his *pro se* Motion in the motion court on March 11, 2005 raising four claims relating to trial counsel's ineffectiveness. The motion court entered a judgment denying his Motion on the merits. The court noted that Movant "alleges abandonment by post-conviction counsel but fails to cite [any] of the grounds courts have recognized as the sole bases [sic] for such an allegation...." The State argues that nei-

ther the motion court nor this Court has jurisdiction. We agree.

### Analysis

In *Daugherty v. State*, 116 S.W.3d 616 (Mo.App. E.D.2003), this Court, following *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210 (Mo. banc 2001), held that courts where original post-conviction motions were filed have jurisdiction to consider motions seeking to reopen post-conviction proceedings to address claims of abandonment by post-conviction motion counsel. *Daugherty*, 116 S.W.3d at 617. This holding creates a narrow exception to the thirty-day limit existing under Rule 75.01 when a movant asserts his post-conviction counsel abandoned him.[2]

Here, Movant waited twelve years to file his Motion in the original motion court and did not raise any allegations rising to the level of abandonment by his post-conviction motion counsel. While Movant frames his motion in terms of abandonment, he actually raises four issues alleging ineffective assistance of trial counsel. Regardless of the labels attached to these arguments, our analysis must be based on Movant's actual claims.

Our Supreme Court has recognized a very narrow category of cases that rise to the level of "abandonment." Abandonment occurs when post-conviction counsel fails to timely file an amended motion, fails to amend Movant's *pro se* motion without explanation, or files an amended motion that is so patently defective that it amounts to a nullity. *See Russell v. State*, 39 S.W.3d 52 (Mo.App. E.D.2001) (citing

---

1. Movant's motion was entitled "Motion to Reinstate Post–Conviction Motion, pursuant to *Daugherty v. State*, 116 S.W.3d 616 (Mo. App. E.D.2003)."

2. As this Court noted in *Cook v. State*, 156 S.W.3d 418, 420 (Mo.App. E.D.2005), a Rule 29.15 motion is governed by the Rules of Civil

Procedure. See Rule 29.15. Under Rule 75.01, the circuit court retains jurisdiction to "vacate, reopen, correct, amend, or modify" a judgment within thirty days following its judgment. Rule 75.01. Here, the motion court no longer retained jurisdiction of the Motion after January 24, 1993.

Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991); Luleff v. State, 807 S.W.2d 495 (Mo. banc 1991); and State v. Bradley, 811 S.W.2d 379, 382 (Mo. banc 1991)). Movant has alleged none of these.

▮▮▮ The scope of a trial court's subject matter jurisdiction is a question of law which we review de novo. In re Marriage of Jeffrey, 53 S.W.3d 173, 175 (Mo.App. E.D.2001).[3] Appellate jurisdiction derives from that of the circuit court. Id. If the circuit court does not have jurisdiction to consider the merits of a case, we have no jurisdiction to review the judgment rendered therefrom. Id. We find that the motion court did not have jurisdiction to rule on the merits of Movant's motion due to the allegations raised therein. Therefore, this Court lacks jurisdiction to consider Movant's appeal from an improperly rendered judgment.

DISMISSED.

KATHIANNE KNAUP CRANE, P.J., and CLIFFORD H. AHRENS J., Concur.

---

3. See also Mansfield v. State, 187 S.W.3d 1 (Mo.App. W.D.2006).