Kenneth ROBINSON, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 87584.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 9, 2007.

Kenneth Robinson, Boone Terre, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Asst. Attorney General, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Kenneth Robinson (Movant) appeals from the denial of a motion to re-open post-conviction proceedings alleging abandonment by post-conviction counsel as to his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Movant argues that post-conviction counsel abandoned him by failing to present certain witnesses at the evidentiary hearing

on his motion. We dismiss for lack of jurisdiction.

Movant was convicted by a jury of first-degree assault, Section 565.050, RSMo 2000,[1] and armed criminal action, Section 571.015, and was sentenced to two consecutive terms of fifteen-years' imprisonment on October 11, 2002. On September 23, 2003, this court affirmed Movant's convictions in *State v. Robinson*, 117 S.W.3d 671 (Mo.App. E.D.2003). Movant filed a pro se Rule 29.15 motion. Movant's post-conviction counsel entered his appearance on Movant's behalf and filed an amended motion. The motion court held an evidentiary hearing on Movant's claims. On October 27, 2004, the motion court entered its "Judgment, Findings of Fact, Conclusions of Law, Order, and Judgment" denying Movant's motion for post-conviction relief. A notice of appeal was timely filed. This court affirmed the motion court's denial of Movant's motion for post-conviction relief in *Robinson v. State*, 175 S.W.3d 183 (Mo. App. E.D.2005).

On December 8, 2005, Movant filed a pro se "Motion Requesting Sua Sponte Inquiry into Abandonment by Post–Conviction Relief Counsel, N. Scott Rosenblum, Concerning Motion to Vacate, Set Aside or Correct Judgment and Sentence." On December 14, 2005, the motion court entered a judgment denying Movant's motion. In its judgment, the motion court noted that the alleged claims of abandonment by post-conviction counsel failed to meet any of the grounds recognized as the basis for such an allegation. This appeal follows.

Because the motion court lacked jurisdiction to hear Movant's claim, this appeal is dismissed.

■ Under Rule 75.01, the motion court retains jurisdiction to "vacate, reopen, cor-

rect, amend, or modify" a judgment within thirty days following its entry. A motion court has no jurisdiction to consider reopening a post-conviction judgment beyond this thirty-day time limit, except to address claims of abandonment by post-conviction counsel. *See Simmons v. State*, 190 S.W.3d 558, 559 (Mo.App. E.D.2006)(holding that courts where original post-conviction motions were filed have jurisdiction to consider motions seeking to reopen post-conviction proceedings to address claims of abandonment by post-conviction motion counsel). This creates a narrow exception to the thirty-day limit existing under Rule 75.01 when a movant asserts his post-conviction counsel abandoned him. *Id.*

■ The Missouri Supreme Court has recognized a very narrow category of cases that rise to the level of "abandonment." Abandonment occurs when post-conviction counsel fails to timely file an amended motion, fails to amend Movant's pro se motion without explanation, or files an amended motion that is so patently defective that it amounts to a nullity. *Id.* at 559–560 (citing *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991); *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991); *State v. Bradley*, 811 S.W.2d 379, 382 (Mo. banc 1991)). Here, Movant did not raise any allegations rising to the level of abandonment by his post-conviction counsel.

■ While Movant frames his motion in terms of abandonment, he actually raises issues alleging ineffective assistance of post-conviction counsel. Claims of ineffective assistance of post-conviction counsel are "categorically unreviewable." *Walker v. State*, 194 S.W.3d 883, 885 (Mo.App. E.D.2006)(citing *State v. Lyons*, 129 S.W.3d 873, 874 (Mo. banc 2004)). Claims

---

**1.** Unless otherwise indicated, all further statutory references are to RSMo 2000.

of ineffective assistance of post-conviction counsel do not fall within the narrow exception to the thirty-day time limit of Rule 75.01 that give a motion court jurisdiction to re-open post-conviction proceedings to address claims of abandonment by post-conviction counsel. *Mansfield v. State,* 187 S.W.3d 1, 2–3 (Mo.App. W.D.2006).

Movant's claim in his motion and on appeal is that post-conviction counsel "abandoned" him by failing to present certain evidence at the evidentiary hearing. The record shows that post-conviction counsel filed a timely, adequate amended motion, as well as presented five witnesses at the evidentiary hearing and cross-examined the two witnesses presented by the State. Because Movant's claim is not within the category of claims recognized as "abandonment," the motion court lacked jurisdiction to entertain his motion to re-open his Rule 29.15 proceedings beyond the thirty-day limit.

Because Movant does not claim that he was abandoned by post-conviction counsel, the motion court had no jurisdiction to re-open post-conviction proceedings over a year after it entered its judgment denying Movant's Rule 29.15 motion. Appellate jurisdiction derives from that of the circuit court. *Simmons,* 190 S.W.3d at 560 (citing *In re Marriage of Jeffrey,* 53 S.W.3d 173, 175 (Mo.App. E.D.2001)). If the circuit court does not have jurisdiction to consider the merits of a case, this court has no jurisdiction to review the judgment rendered there from. *Id.* Accordingly, this court lacks jurisdiction to consider an appeal from a judgment improperly rendered by the trial court because appellate jurisdiction derives from that of the trial court. *Id.*

We find that the motion court did not have jurisdiction to rule on the merits of Movant's motion to reopen due to the allegations raised therein.

Dismissed.

GEORGE W. DRAPER III, P.J., and GARY M. GAERTNER, SR., J., concur.