**Frederick SPENCER,**
**Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 90677.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 29, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 2008.

Frederick Spencer, Bonne Terre, pro se.

Shaun J. Mackelprang, Andrew W. Hassell, co-counsel, Jefferson City, for respondent.

BOOKER T. SHAW, Judge.

Frederick Spencer (Movant) appeals *pro se* from the denial of his motion to reopen his post-conviction relief proceedings alleging abandonment by counsel. Movant contends that his post-conviction counsel abandoned him by failing to assert all of his *pro se* claims. We dismiss for lack of jurisdiction.

Movant was convicted by a jury of three counts of forcible sodomy and three counts of forcible rape. He was sentenced to a total of fifteen years and his convictions were affirmed on appeal. *State v. Spencer*, 50 S.W.3d 869 (Mo.App. E.D.2001). Thereafter, Movant filed a *pro se* Rule 29.15 motion. Counsel appointed to represent Movant filed an amended motion, which included his *pro se* claims. This Court affirmed the motion court's denial of Movant's Rule 29.15 motion after an evidentiary hearing. *Spencer v. State*, 156 S.W.3d 365, 366 (Mo.App. E.D.2004).[1]

■ Three years later, Movant filed a Rule 75.01 motion to reopen his Rule 29.15 proceeding to bring his claim of abandonment, which the motion court denied. The motion court found that it lacked jurisdiction and that Rule 29.15(*l*) prohibited Movant's successive motions. Movant now appeals, alleging abandonment because his counsel failed to raise all of his claims. The motion court's jurisdiction is a question of law which we review *de novo*. *Middleton v. State*, 200 S.W.3d 140, 143 (Mo.App. W.D.2006)(internal citations omitted).

■ The trial court retains jurisdiction to "vacate, reopen, correct, amend, or modify its judgment" within thirty days following its entry. Rule 75.01. Beyond the thirty-day limit, the court has no jurisdiction to consider reopening a post-conviction judgment, except to address claims of abandonment by post-conviction counsel. *Robinson v. State*, 211 S.W.3d 162, 163 (Mo.App. E.D.2007)(internal citations omitted). Movant's appeal is considered untimely unless he can show that his counsel abandoned him. *Id.*

■ Abandonment occurs only: (1) when post-conviction counsel takes no action on a movant's behalf to file an amended motion, depriving movant of a meaningful review of his claims; and (2) when counsel, aware of the need to file an amended motion, fails to do so in a timely manner. *Barnett v. State*, 103 S.W.3d 765, 773–74 (Mo.2003)(internal citations omitted). The State argues that Movant did not raise a claim of actual abandonment, which is the only recognized exception to reopening a judgment under Rule 75.01. We agree.

■ There was no abandonment here. The record shows that Movant's counsel incorporated his *pro se* claims in a timely amended motion. Further, Movant's counsel represented him at a hearing and presented three witnesses, including Movant. Movant's complaint that counsel failed to advance all of his arguments is not a claim of abandonment. Despite the label Movant gives his claim, it merely alleges ineffective assistance of counsel. *State v. Lyons*, 129 S.W.3d 873, 874 (Mo.2004)(internal citations omitted). Claims of ineffective assistance of post-conviction coun-

---

1. In addition, Movant unsuccessfully sought to recover his costs from his underlying criminal case. *State v. Spencer*, 139 S.W.3d 604 (Mo.App. E.D.2004). Movant also unsuccessfully sought relief in a *nunc pro tunc* order. *State v. Spencer*, 139 S.W.3d 605 (Mo.App. E.D.2004).

sel do not constitute abandonment and are categorically unreviewable. *Id.* The scope of abandonment will not be expanded to encompass perceived ineffectiveness of post-conviction counsel. *Barnett,* 103 S.W.3d at 773–74. Thus, Movant cannot escape Rule 29.15's prohibition against successive motions.

We find the motion court lacked jurisdiction to reopen Movant's Rule 29.15 proceeding because Movant asserted no legitimate allegations of abandonment. Since the motion court lacks jurisdiction, this Court also lacks jurisdiction. *Robinson,* 211 S.W.3d at 164.

Dismissed.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.