Philip M. Hess, Presiding Judge
Introduction
In 1999, Frederick Spencer ("Appellant") was found guilty by a City of St. Louis jury of forcible rape and forcible sodomy. Appellant was sentenced to 15 years imprisonment on six total counts and has fully served his time. Appellant filed a motion under § 547.037[1] and a habeas corpus claim under Rule 91[2] asserting re-examination of DNA testing would demonstrate his innocence and entitles him to release from custody and a new trial. The motion court found the § 547.037 motion must be denied because the required prerequisites under § 547.035 were not met. The court denied the Rule 91 argument because it had been "repeatedly rejected" and should not be reconsidered.
Appellant appeals both denials by *479 the motion court.[3] The first point on appeal is the motion court incorrectly applied prior § 547.035 rulings in denying the § 547.037 claim. The second point on appeal is the motion court should not have denied the Rule 91 habeas corpus claim without an evidentiary hearing. Because Appellant is no longer in state custody and no testing has been ordered or taken under § 547.035, the motion court's denial of the § 547.037 motion is affirmed. Because "no appeal lies" from a habeas corpus decision, Appellant's second point on appeal is dismissed.
Factual and Procedural Background
In August 1999, a St. Louis jury convicted Appellant of three counts of forcible rape and three counts of forcible sodomy against two victims. One of the victims, A.G., presented with DNA evidence at the hospital on the night of the alleged attack. The hospital tested the samples and could not confirm or deny Appellant's DNA. No further testing was ordered or completed by the prosecution or Appellant before trial. Appellant was convicted of six counts at trial: four counts involving victim M.M. and two counts involving victim A.G. The DNA evidence relates to one count of forcible rape involving A.G. and does not relate to the other A.G. count or any of the M.M. counts. This Court affirmed Appellant's conviction on direct appeal. State v. Spencer , 50 S.W.3d 869 (Mo. App. E.D. 2001). Appellant was sentenced to 15 years in the Missouri Department of Corrections.[4] The count of forcible rape involving A.G., for which the DNA evidence was mentioned at trial, led to one five year sentence which ran concurrently to the five year sentence for forcible sodomy involving A.G. While still in custody, Appellant mounted several unsuccessful collateral attacks on his conviction. See State v. Spencer , 139 S.W.3d 604 (Mo. App. E.D. 2004) (affirming the denial of Appellant's motion requesting court costs be taxed against the State); State v. Spencer , 139 S.W.3d 605 (Mo. App. E.D. 2004) (affirming the denial of Appellant's motion for an order nunc pro tunc); Spencer v. State , 156 S.W.3d 365 (Mo. App. E.D. 2004) (affirming the denial of Appellant's Rule 29.15 motion); Spencer v. State , 255 S.W.3d 527 (Mo. App. E.D. 2008) (affirming the dismissal of a Appellant's motion to reopen Rule 29.15 proceedings).
With seven years left in his sentence, Appellant filed motions to retest the DNA samples under § 547.035. In 2007, Appellant filed his first § 547 motion which the motion court denied because Appellant failed to show why the DNA was not tested prior to or during trial as required by *480 § 547.035.2 (3) subsection (c).[5] This Court affirmed the denial. See State v. Spencer , 323 S.W.3d 38 (Mo. App. E.D. 2010). In 2013, Appellant filed a second § 547 motion which the motion court denied because § 547.035 does not allow successive motions. This Court affirmed the denial. See State v. Spencer , 440 S.W.3d 579 (Mo. App. E.D. 2014).
Unrelated to Appellant's § 547.035 motions, the City of St. Louis retested the DNA sample from Appellant's case.[6] In a letter dated August 27, 2014, the St. Louis Metropolitan Police Department contacted Appellant about a backlog of cases meant for re-examination and informed Appellant the DNA samples from trial had been retested. On October 5, 2014, Appellant was released from custody having fully served his sentence. In 2017, Appellant filed a third § 547.035 motion under Rule 74.06(b) relying on the re-examined DNA test results. The motion court denied the motion because Appellant was no longer in custody and § 547.035 does not allow successive motions. This Court affirmed the denial. See State v. Spencer , 529 S.W.3d 830 (Mo. App. E.D. 2017).
In January 2018, Appellant filed a fourth § 547 motion under § 547.037 and, in the alternative, for Rule 91 habeas relief from the original trial court judgment. In March 2018, the motion court denied Appellant's § 547 claim and denied a writ for habeas relief. This appeal follows.
Standard of Review
We review the denial of a motion for post-conviction DNA under § 547.037 to determine if the motion court's findings of fact and conclusions of law are clearly erroneous. Weeks v. State , 140 S.W.3d 39, 44 (Mo. banc 2004). The motion court's findings of fact and conclusions of law are clearly erroneous only if, after review of the record, we are left with the "definite and firm impression that a mistake has been made." Id.
Before reaching the merits of Appellant's second point, this Court must determine, sua sponte , if it has appellate jurisdiction. Frey v. Gabel , 574 S.W.2d 38, 39 (Mo. App. 1978). If we do not have appellate jurisdiction, the appeal must be dismissed. Shaffer v. State , 109 S.W.3d 233, 234 (Mo. App. E. D 2003).
Discussion
I. Point I: Section 547.037
Appellant must meet the requirements of § 547.037 to file a successful motion. Section 547.037.1 reads, in relevant part: "If testing ordered pursuant to section 547.035 demonstrates a person's innocence of the crime for which the person is in custody , a motion for release may be filed in the sentencing court." (emphasis added). Construction of a statute is purely a question of law. Delta Air Lines, Inc. v. Director of Revenue , 908 S.W.2d 353, 355 (Mo. banc 1995). Questions of law are subject to this Court's independent de novo review, and no deference is given to the motion court's decision. Martinez v. State , 24 S.W.3d 10, 15 (Mo. App. E.D. 2000).
*481 We must look to the statute for the requirements and apply them to the record on appeal. The role of courts is to ascertain the intent of the legislature from the language in a statute and give effect to that intent if possible. Abrams v. Ohio Pacific Exp. , 819 S.W.2d 338, 340 (Mo. banc 1991). "Words and phrases shall be taken in their plain or ordinary and usual sense ..." § 1.090. Courts presume the legislature intended every word in a statute and did not include excess or superfluous language. Shipman v. DNS Electronic Materials, Inc. , 267 S.W.3d 751, 758 (Mo. App. E.D. 2008). There is no room for construction or interpretation where words are plain and admit to but one meaning. Abrams , 819 S.W.2d at 340.
We must give the requirements under § 547.037 their plain, ordinary meaning. The statute requires testing "ordered pursuant to" § 547.035 for the crime "for which the person is in custody". "Ordered pursuant to" means testing ordered according to the specific statute, in this case, § 547.035. At no point has testing under § 547.035 been ordered in Appellant's case. "For which the person is in custody" means this statute applies to individuals currently in state custody. When this § 547.037 motion was filed, Appellant had been out of state custody for over three years. After review of the record and consideration of the plain and ordinary meaning of subsection (1) of § 547.037, the requirements for the statute are clear. Appellant fails to meet two of the requirements of § 547.037. Therefore, the motion court did not clearly err in the findings of fact or conclusions of law in denying Appellant's motion. The first point is denied.
II. Point II: Rule 91
Before considering Appellant's habeas corpus appeal, we must determine if we have appellate jurisdiction for such a claim. Even if neither party raises the question of jurisdiction, we must determine, sua sponte , if jurisdiction lies with this Court. Comm. For Educ. Equal. v. State , 878 S.W.2d 446, 450 (Mo. banc 1994). If a court lacks appellate jurisdiction, an appeal must be dismissed. Id. "An appeal does not lie from a decision in a habeas corpus proceeding."[7] Bebee v. State , 619 S.W.2d 363 (Mo. App. S.D. 1981). This Court lacks jurisdiction to review an appeal from a judgment denying writ of habeas corpus in circuit court. Shaffer , 109 S.W.3d at 234. If an appellant seeks to appeal from the judgment denying a writ of habeas corpus, then the appeal must be dismissed for lack of an appealable judgment. Id. Thus, we cannot consider the decision by the circuit court in the habeas proceeding. The second point is dismissed.
Conclusion
For the reasons stated above, the motion court's denial of Appellant's motion under § 547.037 is affirmed, and we dismiss the appeal of the habeas corpus proceeding.
Robert G. Dowd, Jr., J. and Mary K. Hoff, J. concur.

All statutory citations are to RSMo. (2016) unless otherwise indicated.

All rule citations are to the Missouri Supreme Court Rules (2018) unless otherwise indicated.

Appellant appears pro se. Pro se appellants are held to the same standards as attorneys. Covington v. Better Business Bureau , 253 S.W.3d 95, 97 (Mo. App. E.D. 2008). Unless disposition is hampered by rule violations, this Court is allowed to rule on the merits. See Brown v. Hamid , 856 S.W.2d 51, 53 (Mo. banc 1993). Appellant's brief and reply did not comply with Rule: 84.04(b) (bare recital of and conclusory assertions for jurisdiction); 84.04(c) (argumentative statement of facts, at times, not supported by the record); 84.04(e) (inaccurate citations to cases and Legal File and lack of required structure in argument section); 84.04(g) (reply reargued points in initial brief); and 84.06(b) (reply brief drastically exceeded 7,750 word limit). Despite these procedural deficiencies, we are able to discern Appellant's points and review them ex gratia.

Appellant received two concurrent five year sentences for forcible rape and forcible sodomy involving victim, A.G, a 16 year-old. Appellant received two ten year sentences for two forcible rape and two forcible sodomy counts involving a second victim, M.M., to run concurrently with one another but consecutively to the five year sentences.

Section 547.035. "2. The motion must allege facts under oath demonstrating that: ...
(3) The evidence was not previously tested by the movant because:
(a) The technology for the testing was not reasonably available to the movant at the time of the trial;
(b) Neither the movant nor his or her trial counsel was aware of the existence of the evidence at the time of trial; or
(c) The evidence was otherwise unavailable to both the movant and movant's trial counsel at the time of trial; and ...".

Section 547.037 does not provide relief using testing conducted outside of § 547.035.

There is a statutory exception to this rule which applies to habeas proceedings involving child custody which cannot be applied here. See § 512.025.