

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| DAVID R. ALEXANDER, | ) | No. ED109808 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of the |
| | ) | City of St. Louis |
| vs. | ) | 2299P-03932 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Christopher E. McGraugh |
| | ) | |
| Respondent. | ) | Filed: April 26, 2022 |

Michael E. Gardner, P.J., James M. Dowd, J., and Lisa P. Page, J.

### OPINION

Appellant David R. Alexander appeals the motion court's order and judgment dismissing with prejudice his petition for declaratory judgment pursuant to chapter 527[1] and Rule 87.[2] We dismiss the appeal.

### Background

In keeping with the long line of orders, judgments, and opinions issued in this matter, we begin with the facts and procedural history underlying this appeal: In 1997, a jury convicted Alexander of one count of first-degree murder and one count of armed criminal action for the 1995 shooting death of Robert Jackson. Alexander was sentenced as a prior and persistent

---

[1] All statutory references are to the Revised Statutes of Missouri 2020.
[2] All rule references are to Missouri Rules of Criminal Procedure (1997).

offender to consecutive terms of (1) twenty years and (2) life in prison without the possibility of probation or parole. On May 4, 1999, this Court on direct appeal affirmed Alexander's convictions and sentence. *State v. Alexander*, 990 S.W.2d 209 (Mo. App. E.D. 1999) (*Alexander I*). Alexander then timely moved for post-conviction relief under Rule 29.15[3] alleging ineffective trial counsel. The motion court appointed post-conviction counsel who timely filed an amended motion which the court addressed on its merits. The court denied Alexander's motion without an evidentiary hearing, and on October 17, 2000, we affirmed that judgment. *Alexander v. State*, 29 S.W.3d 398, 398 (Mo. App. E.D. 2000) (*Alexander II*).

In the over two decades since, Alexander has brought a veritable anthology of petitions, motions, and appeals challenging the foregoing denial of post-conviction relief, none of which has been successful. In fact, this is Alexander's sixth such challenge before this Court.[4] Alexander filed numerous other petitions and motions with the motion court that we did not review on appeal based largely on their frivolous nature.[5]

---

[3] We note that Rule 29.15(g)'s timeliness calculation applicable to amended motions remains unchanged.

[4] 2006 (ED 88438) (*Alexander III*), 2010 (ED 94764 writ) (*Alexander IV*), 2017 (ED 105298) (*Alexander V*), 2018 (ED 77804) (*Alexander VI*), 2019 (ED 106515) (*Alexander VII*), and the current appeal (ED 109808).

[5] *See Nimrod v. State*, 14 S.W.3d 103, 108 (Mo. App. W.D. 2000) ("A frivolous appeal [...] has been defined as 'one that presents no justiciable question and is so readily recognizable as devoid of merit that there is little prospect that it can ever succeed.'") Those motions include: (1) a petition to reopen his original Rule 29.15 motion in which he asserted his post-conviction counsel had a conflict of interest that resulted in abandonment; (2) an amended motion to supplement his original Rule 29.15 motion; (3) another petition to reopen his original Rule 29.15 motion; (4) a motion to reopen post-conviction proceedings for good cause under Rule 75.01; (5) a motion to "redocket" his motion to reopen his post-conviction abandonment proceedings; (6) a Rule 74.06(b)(4) motion to set aside the judgment denying post-conviction relief; (7) a motion requesting the court conduct an independent abandonment inquiry alleging post-conviction counsel filed an untimely amended motion; (8) a motion to strike his "untimely" amended motion and proceed *pro se*; (9) a motion to file an untimely post-conviction relief motion based on abandonment by appointed counsel under Rule 29.15(g); and (10) a motion to recall the 2000 appellate court mandate.

We now turn to Alexander's latest effort. On June 1, 2021, he filed an amended motion for declaratory judgment pursuant to section 527.101[6] and Rule 87.[7] On June 7, 2021, the motion court dismissed Alexander's motion, this time with prejudice. In its order and judgment, the motion court held that: (1) Alexander could not collaterally attack his conviction in a declaratory judgment after a post-conviction motion has been denied, and (2) Alexander's claims of abandonment "have been repeatedly litigated and denied and are well out of time."

Alexander raises two points on appeal: (1) that the motion court erred in dismissing his motion because it was not a collateral attack on his convictions; and (2) that the motion court erred by making its dismissal *with prejudice* because it was not required to do so.

## Discussion

We must first *sua sponte* address whether we have jurisdiction over the asserted claims. *Sittner v. State*, 405 S.W.3d 635, 636 (Mo. App. E.D. 2013). Appellate subject-matter jurisdiction derives from that of the circuit court, the existence and scope of which are questions of law which we review *de novo*. *Simmons v. State*, 190 S.W.3d 558, 560 (Mo. App. E.D. 2006). If the circuit court has no jurisdiction to consider the merits of a case, we have no jurisdiction to review the judgment rendered therefrom. *Id.* Additionally, just as the circuit court is prohibited from entertaining successive motions addressing the same conviction, *see* Rule 29.15(l),[8] we are

---

[6] "The circuit courts of this state, within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

[7] "Courts May Grant Declaratory Judgments. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for." Rule 87.01.

[8] "The circuit court shall not entertain successive motions." *See also Conner v. State*, 29 S.W.3d 108, 112 (Mo. App. E.D. 2021) ("A motion is successive if it follows a previous post-conviction relief motion addressing the same conviction.")

3

likewise precluded from reconsidering the same issue multiple times on appeal. *Boyd v. State,* 86 S.W.3d 153, 159 (Mo. App. E.D. 2002) (citing *Hannah v. State*, 816 S.W.2d 1, 3 (Mo. App. E.D. 1991)).

Based on the foregoing, we find the motion court lacked jurisdiction because (1) Alexander's motion was untimely by over two decades, and (2) *both* of Alexander's claims of abandonment – that post-conviction counsel had a conflict of interest and that post-conviction counsel's amended Rule 29.15 motion was untimely filed – have already been thoroughly litigated and repeatedly deemed meritless. There is simply no new ground to hoe on this case.

Now, Alexander attempts to repackage these stale and already-adjudicated claims by cloaking them in the Uniform Declaratory Judgment Act, sections 527.010-527.130. He argues that the purpose of his new motion is to seek the court's declaration that he had the right to have a court hear his motion alleging abandonment due to an "untimely-filed" amended motion. Given that the original motion court and this Court have adjudicated his amended motion to be timely *and* that he was not abandoned by post-conviction counsel, we are powerless to reconsider the same issue. *See Alexander v. State*, 568 S.W.3d 496, 499 (Mo. App. E.D. 2019) (*Alexander VII*). In *Alexander VII*, we held that we lacked jurisdiction over the appeal, and we do so again today. *Id.*

And invoking the declaratory judgment statute provides Alexander no relief. The purpose of a declaratory judgment action is to "afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Planned Parenthood of Kan. v. Nixon*, 220 S.W.3d 732, 738 (Mo. banc 2007); section 527.120. However, the Uniform Declaratory Judgment Act "is neither a general panacea for all legal ills nor a substitute for existing remedies," and "[i]t is not to be invoked where an adequate remedy already exists." *Cooper v.*

4

*State*, 818 S.W.2d 653, 654 (Mo. App. W.D. 1991). A declaratory judgment action will not be tolerated as "a subterfuge or façade for relitigating an issue decided by a former final judgment," and cannot be used as "a guise for obtaining another review of an adjudicated claim." *Id.* Furthermore, a defendant in a criminal proceeding "may not circumvent the applicable post-conviction rules by presenting a collateral attack upon his conviction and sentence in an action for declaratory judgment." *Id.*

The history of this case is replete with final adjudications of this issue by Missouri courts including this one. Following our initial mandate affirming the denial of post-conviction relief in 2000, Alexander made a series of motions claiming abandonment by post-conviction counsel. In 2006, we concluded that Alexander was not abandoned by post-conviction counsel and we ultimately dismissed his appeal then for lack of subject matter jurisdiction.[9] In 2018, we again reviewed Alexander's claim of abandonment, this time within the context of a motion to recall the initial 2000 post-conviction mandate and we rejected Alexander's claim once again.[10] Most recently in 2019, we confirmed both these dispositions, that the motion was timely filed and his abandonment claims meritless, and we again dismissed the appeal for lack of subject matter

---

[9] ED88438 (order): "Appellant's assertions in his [motion alleging abandonment by post-conviction counsel] do not fall within the narrow category of cases showing abandonment. *Barnett v. State*, 103 S.W.3d 765, 774 (Mo. banc 2003). [...] Accordingly, it does not appear the motion court had jurisdiction of Appellant's motion and therefore, this Court would lack jurisdiction to consider Appellant's appeal. *See Simmons v. State*, 190 S.W.3d 558, 560 (Mo. App. E.D. 2006). On the Court's own motion, Appellant's appeal is dismissed for lack of jurisdiction."

[10] ED77804 (order): "Appellant has pro se filed a motion to recall the mandate in the appeal of the denial of his post-conviction proceeding. He claims that the amended Rule 29.15 motion was untimely. We deny the motion for two reasons. First, even if the assertion that the amended motion was untimely were true, appellant cites no authority that is grounds to recall the mandate in these circumstances. Second, it appears the assertion the amended motion was untimely is without merit. *See Wilson v. State*, 495 S.W.3d 827, 830 (Mo. App. E.D. 2016)."

jurisdiction. *Alexander VII*, 568 S.W.3d at 499, n.3.[11] Thus, the record supports no claim or presumption of abandonment and warrants no further inquiry. *Id.*

Therefore, Alexander's post-conviction relief proceedings are final, and as a result the motion court lacked jurisdiction to hear his claims. *See Simmons*, 190 S.W.3d at 559-60. And because our jurisdiction originates from that of the motion court, we likewise lack jurisdiction over this appeal. *Id.*; *Nimrod*, 14 S.W.3d at 108-9.

### Conclusion

For the reasons set forth above, the appeal is dismissed.

_____
James M. Dowd, Judge

Michael E. Gardner, P.J., and
Lisa P. Page, J., concur.

---

[11] "Given that we have already reviewed Alexander's claim of abandonment, we may not reconsider the same issue. [...] Even if we were to review timeliness again, post-conviction counsel timely filed the amended motion on September 15, 1999, following the motion court's granting of a thirty-day extension from the original sixty-day deadline..."